## NEW BROADCASTING CO., Inc. v. KEHOE.

United States District Court
S. D. New York.
Nov. 24, 1950.

114

Samuel Mezansky, New York City, for plaintiff; Jack M. Perlman, New York City, of counsel.

Neuburger, Shapiro, Rabinowitz & Boudin, New York City, for defendant; Leonard B. Boudin, New York City, of counsel.

RYAN, District Judge.

Plaintiff moves to remand. The issue presented is whether or not the allegations of the complaint disclose that relief is here sought on the basis of rights or claims arising under the Sherman Anti-Trust Act, 15 U.S.C.A. § 1 et seq., or the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq.

■ If it is determined that the plaintiff seeks relief by virtue of rights or claims arising under either of these statutes, this court has original jurisdiction of the action, 28 U.S.C.A. § 1337, 29 U.S.C.A. § 187(b), and it was properly removed, 28 U.S.C.A. § 1441(a); if the contrary, the motion to remand must be granted. In determining this, we may properly consider only those allegations which are set forth in the complaint itself. Gully v. First National Bank, 1936, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70.

The complaint, in substance, alleges: plaintiff is a corporation, owning and operating a radio broadcasting station known as radio station "WLIB," under license issued by the F.C.C. At the expiration of a collective bargaining agreement with the American Communications Association (hereinafter referred to as the "Union"), the parties were unable to agree on terms of renewal. In an effort to exact compliance with their demands, the Union undertook to destroy plaintiff's business and good

ill, and it sought and still seeks to effectuate this purpose by coercing and compelling various sponsors to discontinue business relations with the plaintiff. As a result of his campaign various sponsors have cancelled their contracts, and others threaten to do so.

Finally, it is alleged that the coercion applied by the Union to the sponsors constitutes a secondary boycott, and that the Union's course of conduct is not a labor dispute within the meaning of Sec. 876-a of the Civil Practice Act, and that as a result of such course of conduct, the plaintiff has been and is being irreparably injured. Plaintiff prays a judgment awarding it damages in the sum of $100,000 and a permanent injunction; and further requests injunctive relief pending the outcome of the action.

That the complaint sets forth a good cause of action under state law, is not denied by defendant, as, of course, he need not on this motion; nor, does he assert that federal law would be decisive of the issues raised by the state cause of action. Defendant contends, only, that the allegation of the complaint also set forth claims under the federal anti-trust laws and the Labor Management Relations Act. If the material allegations of the complaint do invoke these laws, this court undoubtedly has original jurisdiction, even though they are at no point alluded to in the complaint and even though the plaintiff expressly disclaims any desire or intention to recover on other than a purely state cause of action.

With respect to the alleged anti-trust claim, it is pointed out that plaintiff's declaration that he is operating under F.C. C. license signifies that he is in interstate commerce, 47 U.S.C.A. § 151 et seq. Therefore, it is asserted, plaintiff's further contention that the Union "undertook to destroy * * * (his) business and good will * * *" in effect charges a conspiracy in restraint of trade.

The difficulty with this argument is that it fails to take account of recent Supreme Court decisions which have substantially restricted union liability under the anti-trust laws. See, Allen Bradley Co. v. Local 3, Int'al Brotherhood of Electrical Workers, 1945, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939; United States v. Hutcheson, 1941, 312 U.S. 219, 61 S.Ct. 463, 85 L.Ed. 788. It is now settled that a labor organization, engaged in advancing the legitimate aims of its members, may incur liability under the anti-trust laws only by entering into a combination with employers, who are themselves violating the anti-trust laws.

Although the complaint asserts that the Union's course of conduct does not constitute a labor dispute under C.P.A. Sec. 876-a, it is clear from the allegations, as a whole, that the Union's primary objective throughout has been to advance the interests of its members, however one might characterize some of the methods it is alleged to have employed. Nor does the allegation that some sponsors have succumbed to the Union's pressure disclose that combination with employers to restrain trade, which the Supreme Court has deemed a prerequisite to union liability for anti-trust violations. The complaint does not present a federal question arising under the anti-trust laws.

Defendant's contention that the complaint states a claim arising under the Labor Management Relations Act has reference to Section 303 of the Act, 29 U.S.C.A. § 187, which authorizes a claim for damages against labor organizations guilty of certain violations, and vests the district court with jurisdiction to entertain such claims. There can be no doubt that the complaint charges an effort to induce employers to "cease doing business with any other person", which subsection (a) (1) of the section declares to be an unlawful objective. A claim for damages under this section, however, arises only when a labor organization seeks to achieve such an objective by engaging in, or inducing employees of any employer "to engage in, a strike or a concerted refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or

commodities or to perform any services * * * ."

There is no allegation in the complaint that the Union has resorted to such tactics in its effort to dissuade sponsors from continuing business relations with the plaintiff. It is true that the complaint does refer to a campaign to have non-complying sponsors blacklisted and boycotted by various unions, other organizations and their members. But, all this can be reasonably construed to charge is that these groups were urged not to patronize sponsors who persisted in business relationships with the plaintiff. Therefore, the complaint does not state a claim for relief under the Labor Management Relations Act.

It has been urged by defendant that the court must accept jurisdiction even if it finds that no valid claim for relief under a federal law was presented by the complaint. The suggested distinction has been drawn in a number of cases see, e. g. Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939; The Fair v. Kohler Die & Specialty Co., 1913, 228 U.S. 22, 33 S.Ct. 410, 411, 57 L.Ed. 716, but invariably under circumstances decisively different from those here present. Where the complaint has grounded its claim for relief explicitly under a federal statute, federal courts have accepted jurisdiction even though the complaint would be subject to a motion to dismiss. The principle underlying these decisions was expressed by Mr. Justice Holmes when he wrote, "Of course, the party who brings a suit is master to decide what law he will rely upon". See, The Fair v. Kohler Die & Specialty Co., supra.

Plaintiff brought the suit initially in a state court. At no point in his complaint does he allude to a federal statute, or indicate a desire to rely upon such law. He has strenuously disavowed any inclination to invoke a federal statute in his behalf. Under these circumstances, the determination that the complaint does not state a valid federal claim for relief is also decisive of the jurisdictional question.

Motion to remand is granted.