**Manuel Munoz VARGAS et al.,
Plaintiffs, Appellants,**

v.

**Carlos A. Romero BARCELO, Defendant,
Appellee.**

**No. 7700.**

United States Court of Appeals,
First Circuit.

Dec. 28, 1970.

---

Luis Munoz Rivera, Hato Rey, P.R., on brief for appellants.

Luis F. Gomez, San Juan, P.R., for appellee on motion to dismiss.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Plaintiffs, on behalf of themselves and others similarly situated, sued Carlos A. Romero Barcelo, describing him as Mayor of San Juan, and making service of process upon a secretary in the Legal Division of the Municipality of San Juan, Puerto Rico, hereinafter the Municipality. Considering itself the intended defendant, the Municipality appeared and subsequently moved to dismiss for defective service of process and, alternatively, because the complaint failed to state a claim upon which relief against it could be granted. The court, following arguments and briefs, allowed the motion on the second ground, stating it was unnecessary to pass on the first. Plaintiffs appealed. The Municipality moves to dismiss the appeal summarily under Local Rule 6. In response, plaintiffs have submitted a full brief on the merits.

We need not go into the details of the complaint, except to say that plaintiffs complain of the loss of their positions with the Municipality, asserting that the circumstances under which they were discharged give them a cause of action under the Civil Rights Act of 1871, § 1, 42 U.S.C. § 1983. They seek damages, reinstatement, and a declaration that the local ordinance which was the basis for their dismissal is unconstitutional.

We consider it vital whether plaintiffs bring this action against the Municipality, or against Romero Barcelo in his individual capacity. In their brief filed in this court they maintain the latter, although they confuse the issue by arguing at length that Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, is a "questionable" decision, and was "wrongly decided" insofar as it held that the municipality there involved could not be sued. If plaintiffs are not suing the Municipality, they should find nothing distasteful about the Court's decision in that case.

Possibly the same ambivalence prevailed below. However, it is clear that plaintiffs insisted that they were suing Romero Barcelo solely in his individual capacity. The Municipality, on the other hand, insisted that it itself was the defendant. The court, looking to the substance of the claims made in the complaint, and properly considering that some could be valid, if at all, only were the Municipality the defendant, concluded that such was the case. It then found that these claims were not valid even against the Municipality, and dismissed the complaint for failure to state a cause of action.

We do not know why a plaintiff may not bring what suit he wants to. See The Fair v. Kohler Die Co., 1913, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716. If the court had any doubt, and we do not suggest on this record that doubts were unwarranted, it could have required the plaintiff to specify, either by amending the complaint, or in some other for-

mal fashion. However, plaintiff did at least specify orally. Consequently, rather than dismissing the complaint on the merits as against the Municipality, the court should have struck the Municipality's appearance, leaving the plaintiffs to pursue the individual defendant of their choice.

The judgment dismissing the complaint on the merits against the Municipality must be vacated and the cause remanded. An order should then be entered, for the clarification of the record, to the effect that the intended defendant is solely Romero Barcelo in his individual capacity. A substantial problem will then arise with respect to service of process, said defendant not having appeared, and it being highly unlikely that a clerk in the law department can be an agent for service of process upon the mayor in his individual capacity. We leave such further matters to the action of the district court.