Manuel MUNOZ VARGAS et al.,
Plaintiffs-Appellants,

v.

Carlos ROMERO BARCELO,
Defendant-Appellee.

No. 75–1040.

United States Court of Appeals,
First Circuit.

Argued Nov. 14, 1975.

Decided March 26, 1976.

Luis Munoz Rivera and Jose R. Lebron-Velazquez, Hato Rey, P.R., on brief, for plaintiffs-appellants.

Harvey B. Nachman and Nachman, Feldstein & Gelpi, San Juan, P.R., on brief, for defendant-appellee.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

ALDRICH, Senior Circuit Judge.

Plaintiffs appellants, as former Municipal Inspectors had, by virtue of an ordinance of the City of San Juan, Puerto Rico, tenure in employment in positions whose activities could be found to be chiefly political, and to cost the taxpayers an amount substantially out of proportion to the benefits received. Defendant, Carlos Romero Barcelo, campaigned for mayor of San Juan on a platform one of whose planks was the abolishing of these positions. When he was elected, defendant successfully sponsored a repeal of the ordinance. Plaintiffs brought suit, purportedly pursuant to the Civil Rights Act, 42 U.S.C. § 1983, but did not succeed in making it clear whether the action was against defendant in his official capacity, as a short cut for suing the Municipality for a declaration that the repealing ordinance was unconstitutional, or whether they sued defendant for damages in his individual capacity. The district court dismissed the complaint and plaintiffs appealed. We remanded in order to have the record clarified, Vargas v. Barcelo, 1970, 1 Cir., 435 F.2d 843 (per curiam), without indicating any decision on the merits, except to point out that plaintiffs should amend, and perhaps obtain better service of process in order to make claim for damages against the mayor individually.

Plaintiffs thereafter succeeded in filing an amended complaint which clarified little, except that they still wanted relief against the Municipality although it is no longer a defendant, and an award of damages against the mayor individually. The district court again, quite properly, dismissed. We deal briefly with the claim for money damages.

It is well settled that if legislation serves a legitimate purpose on its face, it may not be challenged by questioning the motives of the legislators. United States v. O'Brien, 1968, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672; Palmer v. Thompson, 1971, 403 U.S. 217, 91 S.Ct. 1940, 29 L.Ed.2d 438. This principle cannot be circumvented by pursuing an action against the individual legislators, etc., who caused the legislation to be enacted. Tenney v. Brandhove, 1951, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019. Indeed, there is no remedy even against private persons who urge the enactment of laws, regardless of their motives. Eastern R.R. Pres. Conf. v. Noerr Motor Freight, Inc., 1961, 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (antitrust claim cannot be made against competitors for urging enactment of legislation restraining trade); cf. United Mine Workers of America v. Pennington, 1965, 381 U.S. 657, 669–70, 85 S.Ct. 1585, 1592–1593, 14 L.Ed.2d 626, 635–636.

There is nothing to the contrary in Caballero v. Romero Barcelo, P.R.Sup.Ct. (11/14/74). There the court recognized, as an exception to this principle, that employees could not be removed by merely purporting to abolish positions as a subterfuge when essentially the same positions were retained or re-established. While plaintiffs attempt in this court—they did not do so below—to allege that their work was being performed by others, we note that this does not amount to an allegation that their positions were retained or re-established. The mere fact that whatever work they previously did has been added to the duties of other employees is not enough.

Plaintiffs' amended complaint did not advance their case, and, regretfully, their

brief on appeal makes no attempt to answer the principles, or to distinguish the cases cited, in the district court's lucid opinion, 385 F.Supp. 879. The judgment is affirmed under Local Rule 12.