**Kellen CHURCHWELL, Appellee,**

v.

**UNITED STATES of America et al., Appellants.**

**No. 76–1674.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1976.

Decided Nov. 29, 1976.

Michael H. Stein, Dept. of Justice, Appellate Section, Washington, D. C., for appellants; Rex E. Lee, Asst. Atty. Gen., Washington, D. C., William F. Clayton, U. S. Atty., Sioux Falls, S. D., and William Kanter, Washington, D. C., on the briefs.

John Carroll, Anita Remerowski, South Dakota Legal Service, Mission, S. D., for appellee.

Before LAY, ROSS and HENLEY, Circuit Judges.

ROSS, Circuit Judge.

This appeal is brought by the government seeking review of the district court's grant of partial summary judgment for Kellen Churchwell, ordering the United States to afford Churchwell a pretermination hearing.[1] For the reasons set forth below, the grant of partial summary judgment is affirmed.

Kellen Churchwell is a registered nurse with 14 years experience in the medical profession. In July 1974, Churchwell received a career conditional appointment with the Public Health Service and in January 1975 she was transferred to the Public Health Service Hospital in Rosebud, South Dakota. On May 5, 1975, two months before her one year probationary period ended, Churchwell was notified by letter that effective May 23, 1975, her employment was terminated. The letter alleged that her "conduct on the job, and irregularities in the inventory of controlled drugs, occurring during [her] tour of duty as charge nurse, have not met the standards set for a professional nurse." The letter delineated four specific instances of misconduct.[2] The Standard Form 50 filed in Churchwell's personnel file, indicating the reasons for dismissal, stated: "Probationary period separation for not meeting the standards set forth for a professional nurse as stated in area office letter of decision dated May 5, 1975." The Standard Form 50 is the only information authorized to be released. The

---

1. The district court's order compelling a hearing has the effect of a mandatory injunction which is an appealable order under 28 U.S.C. § 1292(a)(1). *Roth v. Board of Regents,* 446 F.2d 806, 807 (7th Cir. 1971), *rev'd on other grounds,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

2. The letter of May 5, 1975, outlines, *inter alia,* Churchwell's alleged misconduct and irregularities as follows: first, Churchwell was smoking a cigarette unreasonably close to a patient being administered oxygen; second, she administered an excessive amount of drugs to a patient; third, shortages in the inventory of drugs occurred during Churchwell's shift when she was the only RN on duty; fourth, hearsay evidence suggests that Churchwell lied about the contents of a syringe.

letter of May 5, 1975, delineating the instances of misconduct is not releasable. 5 C.F.R. § 294.702.

Under the rules and regulations governing the United States Civil Service Commission and the Department of Health, Education and Welfare, 5 C.F.R. § 315.806 (1976), Churchwell had no right to an appeal and did not request one. She did request a hearing, but again, no right to hearing existed and her request was denied.[3]

Churchwell sought employment elsewhere but on one occasion was turned away allegedly because her former Public Health Service employer released information to the prospective employer concerning her alleged "drug errors" while on duty.

Churchwell then filed a petition in district court alleging that appellants violated her due process rights by failing to provide a full evidentiary hearing and by disseminating information to prospective employers regarding the alleged drug errors. She sought reinstatement, back pay plus interest from the time of termination, a full evidentiary hearing on the merits of her termination, and $100,000 in compensatory and punitive damages. Both Churchwell and the United States moved for summary judgment. The district court denied the United States' motion for summary judgment and granted partial summary judgment for Churchwell. *Churchwell v. United States,* 414 F.Supp. 499 (N.D.S.D.1976). The district court found that the denial of a hearing violates the due process clause of the fifth amendment; ordered the United States to hold an evidentiary hearing on Churchwell's termination; found that Churchwell was not, at that point, entitled to reinstatement but reinstatement would be summarily ordered and back pay granted if the United States failed to comply with the court's order; and enjoined the United States from disseminating any information relating to the reasons for Churchwell's dismissal.

From that order, the United States appeals arguing that Churchwell had a complete remedy under the Privacy Act, 5 U.S.C. § 552(a), and that a probationary federal employee under these circumstances did not have a right to a hearing.

■ The United States initially contends that Churchwell's "liberty interests" are adequately protected under the Privacy Act and therefore Churchwell should pursue that remedy rather than proceeding with her claim for a hearing pursuant to the due process clause of the fifth amendment. This argument implies that the Privacy Act remedy should be exhausted before Churchwell proceeds under the fifth amendment. There is no authority for such a proposition. Where two avenues of relief are equally available to a plaintiff, the defendant cannot argue that the failure to pursue one particular remedy has any bearing on the viability of the other form of relief. Indeed, the United States did not specifically state that Churchwell should be compelled to exhaust her Privacy Act remedies before presenting due process claims; rather, the United States argued that the Privacy Act remedy was a more appropriate choice. Churchwell, as the party who brought the suit, is "master to decide what law [she] will rely upon * * *." *Bell v. Hood,* 327 U.S. 678, 681, 66 S.Ct. 773, 775, 90 L.Ed. 939 (1945); *The Fair v. Kohler Die Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1912).

■ The central issue in this case is whether a probationary employee is entitled to notice and a hearing where termination of employment places her reputation, honor and integrity at stake. Kellen Churchwell does not claim that her right to an administrative hearing is based on a "property" interest in her employment. She was a probationary employee and as such, did not have a "legitimate claim of entitlement" to her job. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Rather Churchwell bases her claim

---

**3.** 5 C.F.R. § 315.806 (1976) provides probationary employees with a right to an appeal and to a hearing where termination is for reasons of discrimination on the basis of race, religion, color, sex, national origin, marital status, partisan political reasons or physical handicap.

to a hearing on a deprivation of her "liberty."

> Without doubt, [liberty] denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life * * * and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men.

*Meyer v. Nebraska,* 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1923).

However, every dismissal from state or government employment does not implicate an interest in liberty. In *Wisconsin v. Constantineau,* 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1966), the Court stated that "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." The Court reiterated this position in *Board of Regents v. Roth, supra,* 408 U.S. at 573, 92 S.Ct. at 2707, stating that where the state "imposed * * * a stigma or other disability that foreclosed * * freedom to take advantage of other employment opportunities" the safeguards of notice and a hearing are required. As a characterization of the type of allegation that might be "stigmatizing", *Roth* referred to charges of dishonesty and immorality, distinguishing these charges from simply failing to rehire an individual where there is no disclosure of allegations which would adversely affect the individual's future opportunities for employment.

*Constantineau* and *Roth* presented not only general guidelines for evaluating the stigmatizing nature of a dismissal, but also established the necessity of notice and hearing when such stigmatization occurs. The Court's recent decision in *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) does not disturb this precedent. In *Bishop,* the Court reviewed the dismissal of a probationary police officer where no public disclosure of the reasons for dismissal was made until the police officer demanded disclosure through interrogatories in a trial on the merits of the dismissal.

The Court did not specifically address the issue of governmental disclosure of information because, in the Court's opinion, no improper disclosure occurred. The trial on the merits of the dismissal took place *after* the injury occurred. Any disclosure in the course of that proceeding, the Court held, could not provide retroactive support for the claim of injury. Implicit in the Court's argument is the presumption that public disclosure instigated by the state or federal government of stigmatizing information prior to filing the complaint would be treated differently than cases where no disclosure occurs; or where it occurs at the plaintiff's instance after suit has been filed.

This Circuit has consistently endorsed the protection of "liberty interests" as provided by *Constantineau* and *Roth.* The recent case, *Cato v. Collins,* 539 F.2d 656 (8th Cir. 1976), states that "[i]f, however, the reasons for nonrenewal are announced publically or are incorporated into a record made available to prospective employers, the reasons may affect a teacher's chances of securing another job." 539 F.2d at 660. *See Buhr v. Buffalo Public School District No. 38,* 509 F.2d 1196, 1199 (8th Cir. 1974); *Wellner v. Minnesota State Junior College Board,* 487 F.2d 153 (8th Cir. 1973). *Cf. Horowitz v. Board of Curators of Univ. of Missouri,* 538 F.2d 1317, 1321 (8th Cir. 1976); *Greenhill v. Bailey,* 519 F.2d 5, 7 (8th Cir. 1975).

The circumstances surrounding Churchwell's dismissal present this court with a case of *actual* disclosure of stigmatizing information. Churchwell, a registered nurse, was charged with misusing drugs on patients and possibly with lying to cover up her own drug misuse. The affidavit of one prospective employer indicates that "but for the information obtained from her previous employer * * * to the effect that she had been terminated as a registered nurse for alleged 'drug errors' while on duty" he would have hired Churchwell. There can be no question that the effect of disclosing such allegations has stigmatized and jeopardized Churchwell's continued employment in the medical profession. As noted in the district court opinion, this is precisely the

stigma which *Roth* held to be intolerable without a hearing.

The judgment of the district court is affirmed.[4]

4. The order of the district court requires a hearing before an "administrative judge or other impartial hearing officer." This should be modified to require a hearing before the administrative board or body which made the decision to terminate Churchwell's employment.