564 F.2d 810
 Jacqueline S. ELKIN, Appellant,
v.
Richard ROUDEBUSH, Administrator of Veterans Affairs, Joseph
Mackney, Director, Jefferson Barracks Veterans
Administration Hospital, James P. Crews, Personnel Officer,
Jefferson Barracks Veterans Administration Hospital, Mary J.
Milner, Associate Chief of Nursing Service, Jefferson
Barracks Veterans Administration Hospital, and Nelda Franko,
Head Nurse, Jefferson Barracks Veterans Administration
Hospital, Appellees.
 No. 77-1017.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 11, 1977.
Decided Nov. 8, 1977.
 
 Francis L. Ruppert, Clayton, Mo., on brief for appellant.
 Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for appellees; Barry A. Short (former U. S. Atty.), on brief.
 Before LAY, HEANEY and ROSS, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 Jacqueline Elkin appeals from the order of the trial court dismissing her complaint and granting summary judgment in favor of the appellees.
 
 
 2
 On September 3, 1974, Elkin began employment as a full-time psychiatric nurse at Jefferson Barracks Hospital operated by the Veterans Administration (VA). She was given a temporary ninety-day appointment pending the satisfactory completion of a physical examination, a reference check and state registry. She was informed, by letter, that once these matters were satisfactorily completed, she would be converted to a regular probationary appointment and eligible to elect health and life insurance.
 
 
 3
 At the time she began her employment, she had passed her physical examination and was licensed as a nurse by the State of Missouri. Her references were received on October 2, October 9 and November 19. The latter two references were critical of Elkin.[1]
 
 
 4
 On December 2, Elkin's temporary status was extended for another ninety-day period. Ten days before the expiration of the second ninety-day period, Elkin attended a meeting with her supervisors. At that time, she was told her performance was unsatisfactory and that she should resign. Her head nurse wrote a narrative performance evaluation of Elkin which noted difficulties with her performance as a nurse and with her interpersonal relationships. The associate chief of the nursing service wrote a memorandum recommending Elkin be separated from service "on the basis of poor adjustment and unsatisfactory performance during a temporary appointment period."
 
 
 5
 Elkin was informed on February 28, that her temporary appointment would not be extended. She was not given a hearing as to the personnel actions with which she was involved.
 
 
 6
 On June 12, she filed this action in United States District Court for the Eastern District of Missouri.
 
 
 7
 The right of a VA nurse to a hearing prior to disciplinary action is dependent upon the statutory authority under which the nurse was hired. Elkin received a temporary appointment under 38 U.S.C. § 4114, which provides for appointments "without regard to civil service or classification laws, rules, or regulations." 38 U.S.C. § 4114(a)(1). The regulations of the VA provide that temporary appointments pending the processing of a probational appointment are to be limited to ninety days with one ninety-day renewal permitted. Veterans Administration Manual MP-5, Part II, Department of Medicine and Surgery Supplement § 2.08(b)(1). An individual employed on a temporary basis under 38 U.S.C. § 4114 has no statutory right to a hearing. Stretten v. Wadsworth Veterans Hospital, 537 F.2d 361, 364-365 (9th Cir. 1976).
 
 
 8
 Elkin argues that she should be considered to be a probationary rather than a temporary employee. She points to the letter she received which stated that her appointment would be converted to a probationary appointment once she had satisfactorily completed a physical examination, a reference check and state registry. She contends that she satisfied each of these requirements and, thus, she should be treated as if her appointment had been converted to a probationary one. As a probationary employee under 38 U.S.C. §§ 4104 and 4106, she would be entitled to summary review procedures prior to termination.[2] Veterans Administration Manual MP-5, Part II, Department of Medicine and Surgery Supplement § 4.05(d).
 
 
 9
 We cannot agree that Elkin should be treated as a probationary rather than a temporary employee. Elkin could only be converted to a probationary employee after action by the VA Professional Standards Board at the request of the Chief Medical Director. The Board never took such action with respect to Elkin's appointment status; nor did Elkin satisfy all of the requirements for conversion to probationary status set forth in the letter. Implicit in the letter was the requirement that the references be satisfactory and that the references be approved by the Board. Since two of the references were critical of Elkin, they were not satisfactory.
 
 
 10
 Finally, Elkin argues that she had a right to a hearing prior to her termination under the Fifth and Fourteenth Amendments because she had both a liberty and a property right in her employment by the VA. See Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). We cannot agree that Elkin asserts a sufficient liberty or property interest to trigger a pretermination hearing.
 
 
 11
 As a temporary employee, Elkin clearly did not have a "legitimate claim of entitlement" to her job. Board of Regents v. Roth, supra, 408 U.S. at 577, 92 S.Ct. 2701. Thus, she did not have a sufficient property interest to invoke constitutional due process protections.
 
 
 12
 Nor does Elkin assert a sufficient liberty interest. It is well established that not every dismissal from government employment implicates an interest in liberty. Churchwell v. United States, 545 F.2d 59, 62 (8th Cir. 1976). We recognize that "(w)here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1966). This position was reaffirmed in Board of Regents v. Roth, supra, which held that notice and a hearing would be required if the government "imposed * * * a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities." Id. 408 U.S. at 573, 92 S.Ct. at 2707. Charges of dishonesty or immorality were cited as allegations that were "stigmatizing." Id. See also Churchwell v. United States, supra, at 62. It has been held that the Roth test "distinguishes between a stigma of moral turpitude, which infringes the liberty interest, and a charge of incompetence or inability to get along with coworkers which does not." Stretten v. Wadsworth Veterans Hospital, supra at 366.
 
 
 13
 In this case, the allegations made with respect to Elkin pertained to her unsatisfactory performance as a nurse and to difficulties with interpersonal relationships. They are not the type of stigmatizing charges which will preclude her from serving as a nurse. The allegations in this case can readily be distinguished from those in Churchwell v. United States,supra, where a registered nurse was charged with misuse of drugs and lying to cover up her own drug misuse.
 
 
 14
 We realize that because Elkin was terminated by the VA she may find reemployment more difficult. However,
 
 
 15
 (m)ere proof, for example, that his record of nonretention in one job, taken alone, might make him somewhat less attractive to some other employers would hardly establish the kind of foreclosure of opportunities amounting to a deprivation of "liberty."
 
 
 16
 Board of Regents v. Roth, supra 408 U.S. at 574 n. 13, 92 S.Ct. at 2708.
 
 
 17
 Affirmed.
 
 
 
 [1]
 The October 9, 1974, reference noted that "(a)t times she had interpersonal difficulties with co-workers and medical staff," but did recommend Elkin for the position of staff nurse. The November 19 reference noted that "(w)e had many complex problems with Miss Elkin while she was working with us. She was placed on corrective action several times and her absenteeism record was quite poor. Her personal relationship with the staff and with the patients was very poor. Several times she was found to be lacking in her duty to the patients she was responsible for."
 
 
 [2]
 We note that a VA nurse is not entitled to the more elaborate hearing procedure outlined in 38 U.S.C. § 4110 until a three-year probationary period has been completed. See Stretten v. Wadsworth Veterans Hospital, 537 F.2d 361 (9th Cir. 1976). Elkin is clearly not entitled to a hearing under 38 U.S.C. § 4110