**Margaret JONES, Plaintiff,**

v.

**DISTRICT VIII PLANNING COUNCIL, Walter Robinson, James Shelton, Ruth Lewis, Wini Shanabrook, Shirley Henning, James Mann, Eugene Barringer, Henry Patterson, Steve Grochala, Christopher Owens, Malcolm Burleigh, Bill Hanrahan, Franz Hall, Allen Godding, Gail Hanson, John Walley, Nathanial Hardy, Mervyn Hough, Defendants.**

**Civ. No. 3–79–167.**

United States District Court,
D. Minnesota,
Third Division.

May 2, 1980.

Jeffrey A. Hassan, St. Paul, Minn., for plaintiff.

Ragnhild A. Westby, St. Paul, Minn., for defendant Steve Grochala.

John B. Bellows, St. Paul, Minn., for all remaining defendants.

DIANA E. MURPHY, District Judge.

This is an action for back wages and certain fringe benefits, damages, and punitive damages. Plaintiff is a former employee of defendant District VIII Planning Council whose employment was terminated by the Council. The individual defendants were board members of the District VIII Planning Council at the time in question. The complaint alleges breach of contract, defamation, and denial of due process. Jurisdiction is asserted under 42 U.S.C. § 1983 [1] and 28 U.S.C. § 1343 and the theory of pendent jurisdiction. The individual defendants have moved for partial summary judgment and dismissal of the claims against them.

The moving parties have the burden of establishing that they are entitled to summary judgment which is

> an extreme remedy . . . not to be granted unless the movant has established his right to judgment with such clarity as to leave no room for controversy and that the other party is not entitled to judgment under any circumstances; the court must view the facts most favorably to the party opposing the motion and

give the party the benefit of any reasonable inferences to be drawn from the facts. *Unlaub Co., Inc. v. Sexton,* 568 F.2d 72, 76 (8th Cir. 1977).

*Due Process Claim*

This claim enables plaintiff to seek federal jurisdiction. She alleges that her termination from her position as consultant-director of the District VIII Planning Council without prior notice of intent to terminate and an opportunity to be heard deprived her of procedural due process required by the Fourteenth Amendment and that defendants are therefore liable pursuant to 42 U.S.C. § 1983. Defendants claim that they should not be individually liable on her due process claim.

■ The requirements of procedural due process, such as notice and an opportunity to be heard, apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1971). Plaintiff must show a property interest in continued employment or a liberty interest in the safeguarding of her reputation so as to warrant due process protection in her termination from employment. *Churchwell v. United States,* 545 F.2d 59 (8th Cir. 1976); *Ampleman v. Schlesinger,* 534 F.2d 825 (8th Cir. 1976).

■ Whether or not plaintiff was entitled to procedural due process is a question of material fact that remains at issue. Plaintiff alleges that various members of the District VIII Planning Council accused her of incompetence and insinuated that she falsified time records. She submits her affidavit and deposition testimony as evidence thereof. "[W]here a person's good name,

1. A claim under § 1983 must allege action under color of state law. The District VIII Planning Council is an elected body representing one of seventeen planning districts in the City of St. Paul, Minnesota. The organization is incorporated as a non-profit corporation and was created pursuant to resolutions of the St. Paul City Council. Funds for the support of the organization come from the Department of Housing and Urban Development of the federal government, funneled through Community Development Block Grant funds to the City of St. Paul.

Plaintiff also alleges jurisdiction under 42 U.S.C. § 1981; however, she makes no factual allegations of discrimination on the basis of her race and no identification of herself as a member of a race other than white.

reputation, honor, or integrity are at stake . . . notice and an opportunity to be heard are essential." *Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1971), quoting *Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). Public charges of dishonesty or disclosure of unfavorable information to which stigma attaches may establish a liberty interest requiring due process protection. *E.g., Churchwell v. United States*, 545 F.2d 59 (8th Cir. 1976).

 If it is established that plaintiff was entitled to due process protection, then the issue arises as to whether the individual defendants in their capacity as board members of the Council can be liable for any violation of such due process rights. Section 1983 on its face admits of no immunity from liability, but certain types of immunity have been traditionally recognized. *Owen v. City of Independence*, —— U.S. ——, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). A qualified immunity dependent upon a showing of good faith and reasonableness under all the circumstances is available to certain types of local officials such as school board members. *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975).[2] Defendants argue that public policy favors immunity for persons acting as directors of non-profit corporations, but they are not now entitled to dismissal of plaintiff's due process claims. If plaintiff succeeds in establishing that she had a right to procedural due process, whether or not this right was violated and whether the individual defendants acted reasonably and in good faith would be for the trier of fact to determine.

*Breach of Contract Claim*

 Plaintiff claims that defendants have breached her employment contract. The general rule is that a director of a corporation is not personally liable on corporate contracts unless he has personally bound himself or has acted for the corporation without authority to do so. H. Henn, *Corporations* § 218, at 430 (2d Ed. 1970). Plaintiff has made no allegation that the individual defendants did either.[3] On this claim the individual defendants have established that as to them there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.

*Defamation Claim*

Plaintiff alleges that defendants made defamatory statements about her. Plaintiff claims in her affidavit and deposition that defendants Robinson, Shelton, Lewis, Shanabrook, Mann, Barringer, Patterson, Owens, and Hardy made comments to members of the District VIII Council and others to the effect that plaintiff was incompetent to perform the job of consultant-director of District VIII and that defendant Godding told other Council members at a public meeting that plaintiff must be guilty since she hired an attorney. Plaintiff's affidavit refutes contentions that she is incompetent.

 "A communication is defamatory if it tends so to harm the reputation of anoth-

2. [A] school board member is not immune from liability for damages under § 1983 if he knew or reasonably should have known that the action he took within his sphere of his official responsibility would violate the constitutional rights of the student affected, or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to the student. 420 U.S. at 322, 95 S.Ct. at 1001.

3. Plaintiff argues in her memorandum that corporate directors can be liable to an employee for negligence and cites several cases in support. Plaintiff has, however, made no negligence claim in her complaint, and the authority cited is inapposite to a claim for breach of

contract. Moreover, negligence would not appear to be a productive theory for plaintiff; the standard of care for a director in the exercise of his office is owed to the corporation, although sometimes enforced by shareholders, trustees in bankruptcy, receivers, etc., on its behalf.

Plaintiff has by affidavit stated that defendants Shanabrook, Shelton, Owens, and Mann had personal financial interests in conflict with the interests of District VIII, motivating them to terminate plaintiff's employment. These facts could give rise to a claim of interference with contractual relations, which could subject corporate directors to liability if done intentionally and improperly. Plaintiff has not, however, made such a claim in her complaint.

er as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Restatement (Second) Torts § 559 (1977). In order to create liability for defamation there must be:

1. A false and defamatory statement,
2. An unprivileged communication to a third party,
3. Fault on the part of the speaker, amounting at least to negligence, and
4. Damages, unless the statement is actionable *per se.*

Restatement (Second) Torts § 558 (1977)

▮ Statements reflecting on the competence of a professional person to do his or her job are slander *per se. Anderson v. Kammeier,* 262 N.W.2d 366 (Minn.1977); *High v. Supreme Lodge of the World, Loyal Order of Moose,* 214 Minn. 164, 7 N.W.2d 675 (1943); W. Prosser, *Torts* § 112, at 758–59 (4th Ed. 1971). Defendant Godding's alleged statement regarding plaintiff's guilt, while not directly reflecting on her competence, is also susceptible to such an interpretation.

▮ It is for the jury to determine whether the statements in question were defamatory. Whether a defamatory meaning is conveyed is dependent upon how an ordinary person would understand the language used in light of the surrounding circumstances. *Gadach v. Benton County Co-Op Association,* 236 Minn. 507, 53 N.W.2d 30 (1952). Although one who makes a defamatory statement is not liable if the statement is privileged, Restatement (Second) Torts § 593 (1977), whether a statement is privileged is a question of fact. Defendants claim privilege, but plaintiff argues that the statements are not protected by privilege because they knew them to be false. In order for statements to be protected by the privilege claimed, they must be made on a proper occasion, from a proper motive, and must be based on reasonable or probable cause. *Otto v. Charles T. Miller Hospital,* 262 Minn. 408, 115 N.W.2d 36 (1962); *Hebner v. Great Northern Ry. Co.,* 78 Minn. 289, 80 N.W. 1128 (1899).

Plaintiff acknowledges in her deposition that she knew of no defamatory statements made by defendants Henning (p. 83), Grochala (p. 103), Burleigh (p. 83), Hanrahan (pp. 84–85), Hall (p. 84), Walley (p. 86), Hanson (p. 86), and Hough (p. 88). Dismissal of the defamation action against these individuals is therefore warranted.