OPINION OF THE COURT
Frank M. Klinger, J.
The legal issue in this case is whether an employer who withholds pursuant to an Internal Revenue Service directive can be held responsible by an employee who has filed as “exempt” for the amounts so withheld and paid to the Internal Revenue Service. This issue raises the questions of subject matter jurisdiction and the requirement of the Internal Revenue Service or the United States Government as a necessary party. I know of no previous written decision of a New York State court on this question.
The complaint alleges that the defendant withheld money from the plaintiff employee’s wages without the plaintiff’s written authorization. The defendant in oral argument has admitted this to be the case but asserts that the withholding was due to an Internal Revenue Service directive to do so. Defendant cites section 3403 of title 26 of *655 the United States Code which states that: “The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.”
The crux of the plaintiff’s contention is that the amounts withheld are simply not “required to be deducted and withheld under this chapter” (§ 3403), since section 3402 (subd [n]) of title 26 of the United States Code specifically states that:
“Notwithstanding any other provision of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to such payment a withholding exemption certificate (in such form and containing such other information as the Secretary may prescribe) furnished to the employer by the employee certifying that the employee —
“(1) incurred no liability for income tax imposed under subtitle A for his preceding taxable year, and
“(2) anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year.”
It is apparently conceded that the plaintiff employee furnished to the defendant employer an exemption certificate. Whether the certificate was in such form and contained such other information as the secretary prescribed is apparently in question, since the Internal Revenue Service directive states that they have determined that the form “is incorrect and does not conform with the requirements of Internal Revenue Code § 3402 and related tax regulations”.
Subdivision (n) of section 3402 does support the plaintiff’s contention that under the code, it is the responsibility of the employee — not his employer — to see to it that the proper amount of taxes are deducted. If the employee fails to do so, it is worth noting that he, the employee, is himself subject to additional penalties under section 6682 of title 26 of the United States Code.
The defendant cites sections 6672 and 7202 of title 26 of the United States Code which provide for very substantial penalties, including a felony conviction and imprisonment *656 for up to five years, for any employer who willfully fails to collect and pay over the tax required.
Although it is easy to understand how those statutes when combined with the Internal Revenue Service directive could certainly and reasonably appear to the defendant to constitute a requirement that he withhold and pay over from the plaintiff’s wages, nonetheless I do not see how the three statutes cited by the defendant, in and of themselves, can supersede the rather absolute language of subdivision (n) of section 3402 to the effect that “[notwithstanding any other provision of this section” an employer is not required to deduct and withhold from an employee who has properly filed as “exempt”.
The questions are therefore twofold. Did this employee (the plaintiff) in fact file a W-4 form in such form and containing such information as required? If so, or even if not, what specific laws or regulations authorize this withholding?
The only information we have as to the Internal Revenue Service position on these issues is a reference in their directive to section 3402 of title 26 of the United States Code and “related employment tax regulations”. It should be noted on their behalf that subdivision (n) of section 3402, the very section that constitutes the crux of the plaintiff’s case, does in fact specifically authorize the secretary to provide regulations for its co-ordination with subdivision (i). However, since the Internal Revenue Service and the United States Government are not parties in this action before this court, we do not know precisely which sections of the regulations and law authorize this withholding, nor do we know precisely why they stated in their directive that the plaintiff’s form W-4 is incorrect and not in conformance with the Internal Revenue Code. Yet it was the Internal Revenue Service directive that prompted the defendant to send the money for which the plaintiff is suing, to the Internal Revenue Service.
Since the Internal Revenue Service is certainly involved in the main legal as well as factual issues, the questions present themselves as to whether or not this court has subject matter jurisdiction over the issue, and, if so, whether or not the Internal Revenue Service and/or the *657 United States Government is not a necessary party which must first appear or be summoned into court, before a decision can legally be reached. It is of course well known that both State and Federal courts can in some circumstances have concurrent jurisdiction as to a particular subject matter.
Our Appellate Division, Fourth Department, held in the case of Airco Alloys Div. v Niagara Mohawk Power Corp. (65 AD2d 378, 384) that: “ ‘[QJuestions of exclusive federal jurisdiction and ouster of jurisdiction of state courts are, under existing jurisdictional legislation, not determined by ultimate issues of federal law. The answers depend on the particular claims a suitor makes in a state court — on how he casts his action. Since “the party who brings the suit is master to decide what law he will rely upon,” The Fair v. Kohler Die & Specialty Co., 228 US 22, 25, the complaints in the [trial court] determine the nature of the suits before it’ (emphasis added)”.
The Appellate Division, Fourth Department, in the Aireo case went on to note with approval (supra, p 383), “Plaintiff’s reply that the suit is not one violation of any Federal law, rule, regulation or order, or brought to enforce any liability or duty created by or to enjoin any violation of any Federal law.” And the Appellate Division furthermore stated (p 385) that “While Federal law may be the source of all the rights in issue, the court is called upon only to determine whether Niagara Mohawk is failing to carry out the terms of a contract made within New York State, affecting only New York State interests and deriving its force from New York State law”.
Although, as shall be seen, a decision in this case could affect far more than “only New York State interests”, the balance of the language in the Aireo case is applicable to the case at bar. The plaintiff here maintains a common-law cause of action for “breach of agreement” — the agreement of employment. The fact that the defendant believes that Federal law and regulations justify that alleged breach, but that the plaintiff disputes the defendant’s legal interpretation, should not in and of itself divest this court of subject matter jurisdiction.
*658 Such divestiture, however, is very likely required by section 7421 of title 26 of the United States Code which states that apart from certain enumerated but inapplicable exceptions, “no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.”
The United States Supreme Court in Enochs v Williams Packing Co. (370 US 1, 7) held that: “The manifest purpose of § 7421 (a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue.”
The United States Supreme Court went on to state in the Enochs case that section 7421 may be deemed inapplicable only when it is clear both that under no circumstances could the Government possibly prevail (a determination that of course cannot possibly be made without the benefit of hearing the Government’s case) and that the plaintiff will suffer irreparable harm if the case is not immediately heard by the court where suit is brought (also inapplicable here, for, as shall be seen, the plaintiff has at least two other applicable remedies).
The United States Supreme Court in the case of Bob Jones Univ. v Simon (416 US 725) held section 7421 to be applicable notwithstanding the fact that the ostensible purpose of the suit was not the restraint upon any assessment or collection of tax. The United States Supreme Court explained (p 738) that “[t]hese allegations leave little doubt that a primary purpose of this lawsuit is to prevent the Service from assessing and collecting income taxes from petitioner.”
The Jones case illustrates three significant factors pertaining to the proper interpretation of section 7421 of title 26 of the United States Code: first, the fact the demand for relief is not for an order restraining the assessment or collection of taxes, does not preclude a finding that such restraint is, within the meaning of section 7421, a “purpose” of.the action. Secondly, it is apparent that the courts *659 are expected to look behind a stated purpose of a lawsuit to determine its real purpose. And lastly, it is further apparent from the Jones case that the prevention of the Internal Revenue Service from assessing and collecting income taxes, if it be a purpose, need not be the only purpose, let alone the stated purpose, of a particular lawsuit in order to require that the suit be dismissed under section 7421 of title 26 of the United States Code.
Although the restraint upon the assessment or collection of any tax is not a stated purpose of this lawsuit, such restraint may well be an obvious but unstated purpose of this suit. Moreover, there can be no doubt that the result of this action, were the plaintiff to be successful, would be a restraint upon the collection by the Internal Revenue Service of taxes.
If local State courts were to grant judgments against employers who withhold taxes from employees pursuant to Internal Revenue Service directives, the obvious result would be a restraint upon the collection of taxes by the Internal Revenue Service. It is to be noted of course that the question here is not whether or not the tax is owing — that can be determined in Tax Court. The question relating to subject matter jurisdiction has become whether or not a clear and manifest result of a lawsuit, should the plaintiff be successful, can be deemed to legally constitute the or at least a “purpose” of the suit. The answer in terms of both law and common sense appears to be affirmative, thereby requiring dismissal for lack of subject matter jurisdiction.
It is also quite likely in my view that the well-known doctrine of “pre-emption” may well apply here, i.e., sections 7421, 3403, etc., appear to manifest a desire by Congress to pre-empt the area of withholding for taxes from the State courts and to reserve such questions for the Federal courts.
However, because the question of subject matter jurisdiction is still in my judgment arguable, and because the question of necessary parties is clear beyond any doubt, I will proceed with the latter question.
CPLR 1001 reads as follows:
“(a) Parties who should be joined. Persons who ought to be parties if complete relief is to be accorded between the *660 persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants * * *
“(b) When joinder excused. When a person who should be joined under subdivision (a) has not been made a party and is subject to the jurisdiction of the court, the court shall order him summoned. If jurisdiction over him can be obtained only by his consent or appearance, the court, when justice requires, may allow the action to proceed without his being made a party. In determining whether to allow the action to proceed, the court shall consider:
“1. whether the plaintiff has another effective remedy in case the action is dismissed on account of the nonjoinder;
“2. the prejudice which may accrue from the nonjoinder to the defendant or to the person not joined;
“3. whether and by whom prejudice might have been avoided or may in the future be avoided;
“4. the feasibility of a protective provision by order of the court or in the judgment; and
“5. whether an effective judgment may be rendered in the absence of the person who is not joined.”
Were we to grant a judgment on behalf of the plaintiff without the benefit of the presence of the Internal Revenue Service or the United States Government as a party, the Internal Revenue Service and the United States Government would most definitely be prejudiced in terms of their collection of taxes. See, for example, Airco Alloys Div. v Niagara Mohawk Power Corp. (65 AD2d 378, supra), in which a motion to dismiss for failure to join the Federal Power Commission was denied, the Appellate Division, Fourth Department, holding that the commission could in no way be prejudiced by a New York interpretation of the contractual language. Here of course it is not the language of the contract, but, rather, that of Federal statutes and regulations which must be interpreted.
Most importantly with reference to necessary joinder of parties in this case, any decision in favor of the plaintiff without joinder of the Internal Revenue Service or United States Government as a party in this case, would grossly, unjustifiably, inequitably and enormously prejudice not *661 only this defendant but all defendants similarly situated, all of whom would be confronted with a truly Hobson’s choice: either they withhold and pay to the Internal Revenue Service as directed and also pay, to any employees who care to bring suit in a State court, in each and every case, an amount equal to the total amount withheld, without any known means of recouping either payment, or the defendant employers do not withhold as directed by the Internal Revenue Service and risk five years in a Federal penitentiary in the event that prosecution in Federal court results in a determination that the withholding was authorized and that they should have withheld the amounts as directed!
We note that on the date that this lawsuit was commenced and thereafter, it is the Internal Revenue Service, and not the defendant, who is holding what the plaintiff believes to be his money. Lest we be overly simplistic, we must of course hasten to add that ordinarily, a defendant may not defeat a plaintiff’s claim for a money judgment against him merely by alleging that he has given the money in question to a third party and that the plaintiff should therefore go chase it. Here, however, the third party is an agency of the United States Government acting pursuant to its interpretation of Federal law.
The Internal Revenue Service should be present to state how or why the plaintiff’s W-4 form “does not conform” with section 3402 of title 26 of the United States Code and the regulations. That the plaintiff of course has full opportunity to make a Federal claim for his money provides additional reason for my holding that the United States Government and the Internal Revenue Service are parties which must be joined if complete relief is to be accorded to the parties in this lawsuit as well as to the Internal Revenue Service.
Pursuant to CPLR 1001, this plaintiff definitely has two other effective remedies, both of which had they been employed would have avoided potential prejudice to this defendant, all other defendants similarly situated and to the Internal Revenue Service, and both of which remedies may certainly be employed by the plaintiff in this case and in the future.
*662 First of all any overpayment on the part of the plaintiff of his withholding tax liability could be recovered by means of a claim for refund and through the same channels and appeals as would ordinarily be used by any other taxpayer in disagreement with the Internal Revenue Service as to their tax liability. Or if the plaintiff prefers the idea of a direct suit against the defendant, the Federal courts do of course have subject matter jurisdiction of cases “arising under the laws of the United States”, of which this is one. It is to be noted here that it is irrelevant whether the plaintiff’s claim itself was actually created by the Federal withholding statutes or by State law, since per Judge Friendly, the United States Circuit Court of Appeals for the Second Circuit, covering New York State, held in the case of T.B. Harms Co. v Eliscu (339 F2d 823, 827) “Even though the claim is created by state law, a case may ‘arise under’ a law of the United States if the complaint discloses a need for determining the meaning or application of such a law. The path-breaking opinion to this effect was Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921), pointedly rendered over a dissent by Mr. Justice Holmes, 255 U.S. at 213-215, 41 S.Ct. 243.”
There can certainly be no doubt that this entire case revolves around the need for determining the meaning and application of the Federal withholding statutes and in particular section 3402 (subd [n]) of title 26 of the United States Code and the related Federal regulations. There is no question as to interpretation of the parties’ agreement such as in the Airco case (65 AD2d 378, supra). The sole issue in this case, the interpretation of Federal statutes and regulations, is clearly most appropriate for a Federal court to determine.
It is of course essential to note as the United States Supreme Court has frequently held, that the United States Government and its agencies are immune from any suit in any State court absent their consent (United States v Sherwood, 312 US 584; United States v Shaw, 309 US 495); they have of course given no such consent to any lawsuit in this court.
*663 I therefore dismiss the plaintiff’s complaint for failure to join a necessary party, to wit, the United States Government and/or the Internal Revenue Service. My dismissal is not based on the merits of the case and is without prejudice to the refiling by the plaintiff of this or any similar action in which he can establish subject matter jurisdiction in this court, providing that the United States Government or the Internal Revenue Service consent to become a party to such action. My dismissal is also without prejudice to the refiling of this or any similar action by the plaintiff in any Federal or Tax Court of competent jurisdiction.
The parties have 30 days from the date hereof to appeal.