## THE FAIR v. KOHLER DIE AND SPECIALTY COMPANY.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 169.   Argued March 6, 1913.—Decided March 24, 1913.

Where plaintiff relies upon infringement of his patent and nothing else, the cause, whether good or bad, is one under the laws of the United States and the Circuit Court has jurisdiction; and jurisdiction cannot be defeated by matter set up in the answer.

The party bringing the suit is master to decide what law he will rely upon.

Jurisdiction is authority to decide either way, and, if it exists as an incident to a Federal statutory cause of action, it cannot be defeated by a plea denying the merits.

Defendant specially pleading to plaintiff's bill for infringement of patent by selling below a stipulated price denied there was any infringement of the patent and set up that the cause was not one arising under the patent laws of the United States and the Federal court had no jurisdiction. The court overruled the plea and, defendant not having answered further, made a decree for plaintiff. In this court *held* that the appeal was on the question of jurisdiction alone, and as jurisdiction existed below and rested solely on the patent law, there being no diverse citizenship, the decree must be affirmed.

THE facts are stated in the opinion.

*Mr. David S. Wegg,* with whom *Mr. Walter H. Chamberlain* was on the brief, for appellant.

*Mr. Frank T. Brown* and *Mr. Francis A. Hopkins* for appellee submitted.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity brought by the appellee, an Illinois corporation, against The Fair, also an Illinois corporation, for an injunction against The Fair's making and vending certain patented gas heating devices, or selling such devices of the plaintiff's manufacture at less than one dollar and a half each; for an account and for triple damages. The bill alleges that the plaintiff has the sole and exclusive right to make and sell the devices throughout the United States and that the defendant with full notice has sold and is selling the same without license in violation of the plaintiff's right. It then goes on to allege that the plaintiff, when it sells, imposes the condition that the goods shall not be sold at less than one dollar and fifty cents, and attaches to the goods a notice to that

effect and that any sale in violation of the condition, or use of the article if so sold, will be an infringement of the patent. It further avers that the defendant obtained a stock of the devices with notice of the conditions and sold them for a dollar and a quarter each in infringement of the plaintiff's rights under the patent.

The Fair appeared specially and pleaded that all the devices in question sold by it were purchased from the plaintiff by a jobber, that the jobber paid the full price to the plaintiff, that upon these facts there was no question arising under the patent or other laws of the United States, and that the court had no jurisdiction of the case. The case was set down for hearing on the plea, so that the foregoing allegations of fact must be taken to be true. *Farley* v. *Kittson,* 120 U. S. 303, 314. The court in deference to *Victor Talking Machine Co.* v. *The Fair,* 123 Fed. Rep. 424, maintained its jurisdiction, and as the defendant did not answer within the time allowed, took the bill as confessed and made a decree for the plaintiff. The judge stated that he did not feel at liberty to give a formal certificate but added what appears from the record, that the defendant did nothing except to file the above plea. The appeal is upon the question of jurisdiction alone. There is no uncertainty or ambiguity and we are of opinion that the case is properly here. *Petri* v. *Creelman Lumber Co.,* 199 U. S. 487, 492.

Obviously the plaintiff sued upon the patent law, so far as the purport and intent of the bill is concerned. It was a resident of the same State as the defendant and could have had no other ground. In the earlier paragraphs of the bill it charged an infringement of its patent rights in general terms, and it sought triple damages, which it could have done only by virtue of the statute. It is true that later it set up the sale at a dollar and a quarter as an infringement and that we may guess that this is the only one, although it does not say so. But if that is the plaintiff's

only cause of action, still the plaintiff relies upon it as an infringement and nothing else—so that, good or bad, the cause of action alleged is a cause of action under the laws of the United States.

Of course the party who brings a suit is master to decide what law he will rely upon and therefore does determine whether he will bring a 'suit arising under' the patent or other law of the United States by his declaration or bill. That question cannot depend upon the answer, and accordingly jurisdiction cannot be conferred by the defence even when anticipated and replied to in the bill. *Devine* v. *Los Angeles,* 202 U. S. 313, 334. Conversely, when the plaintiff bases his cause of action upon an act of Congress jurisdiction cannot be defeated by a plea denying the merits of the claim. It might be defeated, no doubt, in a case depending on diversity of citizenship by a plea to the citizenship of parties. *Interior Construction and Improvement Co.* v. *Gibney,* 160 U. S. 217, 219. We are speaking of a case where jurisdiction is incident to a Federal statutory cause of action. Jurisdiction is authority to decide the case either way. Unsuccessful as well as successful suits may be brought upon the act, and a decision that a patent is bad, whether on the facts or the law, is as binding as one that it is good. See *Fauntleroy* v. *Lum,* 210 U. S. 230, 235. No doubt if it should appear that the plaintiff was not really relying upon the patent law for his alleged rights, or if the claim of right were frivolous, the case might be dismissed. In the former instance the suit would not really and substantially involve a controversy within the jurisdiction of the court, *Excelsior Wooden Pipe Co.* v. *Pacific Bridge Co.,* 185 U. S. 282, 287, 288, and in the latter the jurisdiction would not be denied, except possibly in form. *Deming* v. *Carlisle Packing Co.,* 226 U. S. 102, 109. But if the plaintiff really makes a substantial claim under an act of Congress there is jurisdiction whether the claim ultimately be held good or bad.

Thus in *Vicksburg Waterworks Co.* v. *Vicksburg*, 185 U. S. 65, 68, it was pointed out that, while the certificate inquired whether a Federal question was involved upon the pleadings, and while the counsel had argued the merits of the case, the function of this court "is restricted to the inquiry whether, upon the allegations of the bill of complaint, assuming them to be true in point of fact, a Federal question is disclosed so as to give the Circuit Court jurisdiction in a suit between citizens of the same State." For that reason the court declined to pass upon the validity of the contract the obligation of which was alleged to have been impaired. *Ibid.* 82. · *S. C.*, 202 U. S. 453, 458. *Mercantile Trust & Deposit Co.* v. *Columbus*, 203 U. S. 311, 322, 323. *Knoxville Water Co.* v. *Knoxville*, 200 U. S. 22, 32.

In this case the plea though purporting to go to the jurisdiction of the court merely means that the patent law does not give a patentee a right to impose such a condition as the plaintiff attempted to impose upon second purchasers of the device. The plaintiff no doubt maintains that the law does give him that right, and that even if the alleged infringements are confined to the acts admitted by the plea they are infringements none the less. The bill hardly can be confined to that claim, but if it were, it is made in good faith and is not frivolous, it is a claim of right under the patent law and the Circuit Court properly took jurisdiction of the case. *Excelsior Wooden Pipe Co.* v. *Pacific Bridge Co.*, 185 U. S. 282, 295. *White* v. *Rankin*, 144 U. S. 628, 635, 636, 639.

*Decree affirmed.*