AMERICAN PETROLEUM INSTITUTE et al., Plaintiffs-Appellants,

v.

Russell E. TRAIN, as Administrator of the Environmental Protection Agency, et al., Defendants-Appellees.

No. 75–1404.

United States Court of Appeals, Tenth Circuit.

Submitted Nov. 10, 1975.

Decided Dec. 15, 1975.

Edward W. Warren, Washington, D. C. (Frank H. Morison, Edwin S. Kahn, Gerald W. Grandey, Denver, Colo., Frederick M. Rowe and Robert F. Van Voorhees, Washington, D. C., on the brief), for plaintiffs-appellants.

Michael D. Graves, Atty., Dept. of Justice (Walter Kiechel, Jr., Acting Asst. Atty. Gen., Alfred T. Ghiorzi, Edmund B. Clark, and James L. Treece, Attys., Dept. of Justice, on the brief), for defendants-appellees.

Before BREITENSTEIN, HILL and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The issue on this appeal is whether the district court or the court of appeals has jurisdiction to review certain regulations promulgated by the Administrator of the Environmental Protection Agency under the Federal Water Pollution Control Act Amendments of 1972 (the Act). 33 U.S.C. §§ 1251–1376, 86 Stat. 816 et seq. The district court held that jurisdiction lay exclusively in the court of appeals and sustained a motion to dismiss. We affirm.

The plaintiffs-appellants are American Petroleum Institute (API), an incorporated trade association of companies involved in the petroleum industry, and 10 companies which are engaged in petroleum refining and related activities and which do business in Colorado. Defendants-appellees are the Administrator and Deputy Administrator of the Environmental Protection Agency and the Agency itself.

The Administrator promulgated regulations pertaining to "Petroleum Refining Point Source Category." See 40 C.F.R. Subchapter N., Part 419, §§ 419.-10–419.56. Claiming that the regulations are invalid, API brought suit in the United States District Court for the District of Colorado for declaratory judgment and injunctive relief. The Administrator filed a motion to dismiss on jurisdictional grounds and the district court dismissed the action. API and its co-plaintiffs have not only appealed but have filed petitions directly in the court of appeals for review of the same agency action that is the subject of this appeal. The petitions for original review in the court of appeals have been held in abeyance pending the outcome of the instant appeal. Herein the statutory references will be those found in the Act as set out in 86 Stat. 816 et seq.[1]

The Act made "a major change in the enforcement mechanism of the Federal water pollution control program from water quality standards to effluent limits." S.Rep.No.92–414, 92 Cong. 2d Sess., 2 U.S.Cong. & Admin.News '72, pp. 3668, 3675. The goal of the Act is the elimination by 1985 of the "discharge of pollutant into the navigable waters." § 101(a)(1). To attain the goal, effluent limitations on discharges are provided for existing sources and standards of performance are prescribed for new

---

1. The parallel U.S.Code citations for the sections of the Act mentioned herein are:

    Section 101—33 U.S.C. § 1251.
    Section 301—33 U.S.C. § 1311.
    Section 304—33 U.S.C. § 1314.
    Section 509—33 U.S.C. § 1369.

sources. The limitations on existing sources are found in § 301(b) which sets up specified goals for July 1, 1977, and July 1, 1983. The limitations require application of the control technology established by the Administrator under § 304. That section authorizes, subsection (b), the Administrator to publish regulations providing guidelines for effluent limitations. No authority for imposition of effluent limitations by regulation is contained in § 301.

In the instant appeal we are concerned only with regulations imposing effluent limitations on discharges by existing sources. The Act is clear that judicial review of regulations prescribing standards of performance for new sources lies exclusively in the court of appeals.

The pertinent provision in the Act for judicial review of agency action is § 509(b)(1)(E) which provides that:

"Review of the Administrator's action * * * in approving or promulgating any effluent limitation or other limitation under § 301 [and other specified sections not including § 304] * * * may be had by any interested person in the Circuit Court of Appeals of the United States for the Federal judicial district in which such person resides or transacts such business upon application by such person."

The action sought to be reviewed is the Administrator's promulgation of regulations fixing effluent limitations for existing sources and standards of performance for new sources. The regulations provide, 40 C.F.R. Subchapter N, § 401.10, that:

"Regulations promulgated or proposed under Parts 402 through 699 [our concern is with Part 419] of this subchapter prescribe effluent limitations guidelines for existing sources, standards of performance for new sources and pretreatment standards for new and existing sources pursuant to sections 301, 304(b) and (c), 306(b) and (c), 307(b) and (c) and 316(b) of the Federal Water Pollution Control Act, as amended * * *."

API says that the court of appeals does not have jurisdiction because the Act does not authorize the Administrator to promulgate § 301 regulations imposing effluent limitations on existing sources. The argument is beside the point because the Administrator has not only claimed the power but also has acted to promulgate regulations under § 301. Our present concern is with the jurisdiction of the court of appeals—not with the statutory authority of the Administrator.

Existence of jurisdiction must not be confused with the exercise of that jurisdiction. By enacting § 509(b) Congress established a statutory plan to be followed in obtaining review of agency actions under the Act. Only those courts upon which Congress has bestowed authority have jurisdiction. *Whitney National Bank v. Bank of New Orleans*, 379 U.S. 411, 420, 422, 85 S.Ct. 551, 13 L.Ed.2d 386. In the instant case, jurisdiction is incident to a federal statute granting the right of an interested person from within the circuit to file a petition in the court of appeals to review agency action. See *The Fair v. Kohler Die Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716. The validity or invalidity of that action has no bearing on jurisdiction. In the exercise of its statutory jurisdiction, the court determines whether the Administrator acted within his statutory authority.

Problems created by the Act have been considered in several circuits. *CPC International Inc. v. Train*, 8 Cir., 515 F.2d 1032, was an original proceeding in the court of appeals attacking several regulations under Subchapter N, 40 C.F.R. The court held that it did not have jurisdiction in original proceedings to review limitations on existing sources. In so doing it commented that the parties agreed that "if the existing source regulations were published exclusively pursuant to § 304(b), we do not have jurisdiction to examine them in an original proceeding." Ibid. at 1037. With all deference we point out that the regulations were not published exclusively un-

der § 304(b) but were published pursuant to § 301, § 304, and other specified sections. The Eighth Circuit also concluded that "the statute does not grant to the Administrator a separate power under § 301 to promulgate by regulation effluent limitations for existing sources." Ibid. at 1037. Our concern is solely with jurisdiction and in this opinion we do not reach the question of the statutory power of the Administrator.

*American Iron and Steel Institute v. Environmental Protection Agency,* 3 Cir., 526 F.2d 1027, was also an original proceeding in the court of appeals to review regulations appearing in Subchapter N. The Third Circuit disagreed with the CPC International decision of the Eighth Circuit and held that "the Administrator does have the authority to promulgate effluent limitations under section 301." 526 F.2d p. 1036. Although the Third Circuit did not discuss jurisdiction, it presumed jurisdiction by reviewing effluent limitations pertaining to existing sources.

*American Meat Institute v. Environmental Protection Agency,* 7 Cir., 526 F.2d 442, 1975, was another original proceeding in the court of appeals, to review Subchapter N regulations. The Seventh Circuit declined to follow the Eighth Circuit's CPC International opinion and held that EPA "had the authority to issue effluent limitations under § 301 and that we have the authority to review the regulations under § 509(b)(1)." 526 F.2d at p. 453. The conflicts among the circuits emphasize the difficulties arising under the vague, and surprisingly imprecise, regulatory statute with which we are concerned.

The reasoning, that if the Administrator has power to promulgate § 301 effluent limitations on existing sources, the court of appeals has jurisdiction to review those limitations, begs the question. We neither accept it nor act upon it. Our concern is with an appeal from a judgment of the district court that it lacked jurisdiction because jurisdiction lay exclusively in the court of appeals.

Nothing more is before us at this time. We are convinced that the district court was right. We decline to consider in this proceeding any issue bearing on the statutory power of the Administrator to promulgate effluent limitations on existing sources by regulations or, if the power exists, the manner in which it is to be exercised.

Affirmed.