Raymond **WOLST**, etc., Plaintiffs,

v.

**AMERICAN AIRLINES, INC.,**
**Defendant.**

No. 87 C 5744.

United States District Court,
N.D. Illinois, E.D.

June 30, 1987.
On Motion for Attorney Fees
Aug. 11, 1987.

David Potter Duff, Oak Park, Ill., for plaintiffs.

M. Patricia Chapin, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

■ American Airlines, Inc. ("American") has just filed a Petition for Removal from the Municipal Department of the Circuit Court of Cook County of this small-claim class action filed by Raymond Wolst ("Wolst") "on behalf of himself and all others similarly situated."[1] For the reasons stated in this memorandum opinion and order, this Court remands this action to the state court.

In brief, Wolst claims he bought a round trip ticket for air travel from Ontario, California to Chicago and back, with American's ticket containing the following hand-printed contract language (Complaint ¶ 3):

no refunds or charges.

That provision is said to have been "understood ... to mean that there would be no refund of the purchase price paid by [Wolst] nor any change in the flights which were to be provided by [American] to transport [Wolst]" (Complaint ¶ 4). American allegedly broke its word by cancelling its scheduled May 5, 1987 flight back to Ontario without notice, stranding Wolst in Chicago and causing him damages (Complaint Count I ¶ 10). Wolst sues on his own behalf and that of his fellow passengers booked on Flight 371 (Complaint Count II ¶ 10).

American does not seek removal on diversity-of-citizenship grounds. Even apart from its not addressing the jurisdictional amount question (see n. 1), American's Petition tells nothing about either Wolst's state of citizenship or its own dual citizenship (see Section 1332(c)[2]). Because the burden is always on the removing party to establish federal jurisdiction, those flaws would be fatal to the effectiveness of the Petition in diversity terms in any event.

Instead American asserts two bases of federal-question jurisdiction (for which purpose jurisdictional amount is no longer a problem):

1. General federal-question jurisdiction under Section 1331 purportedly exists because American is "a carrier governed by the Federal Aviation Administration" (Petition ¶ 4) and Wolst's "Complaint is explicitly founded upon the Statutes of the United States of America" (*id.*).[3]

---

1. To bring himself within the jurisdictional amount limitation of the Municipal Division, Wolst prays for damages not to exceed $15,000. In light of the extremely limited range of potential damages for the type of claim Wolst asserts, it is highly doubtful that the federal floor of $10,000–plus in damages necessary for diversity jurisdiction could be met. In any case, American has not asserted such a jurisdictional-amount contention.

2. This and all other references to Title 28's provisions will simply take the form "Section—."

3. That last assertion really stretches the Complaint out of shape. Complaint ¶ 1 makes only a passing reference to United States law:

That at all times mentioned herein, prior and material hereto, the Defendant, AMERICAN, was a domestic airline that provided carriage by air for members of the general public, including the Plaintiff herein, for a certain price or fare in accordance with a written contract called a Passenger's Coupon in accordance with its filed tariffs, the Statutes of the United States of America and of the State of Illinois.

2. Original district court jurisdiction is supposedly vested by 49 U.S.C. § 1305(a)(1):

> Except as provided in paragraph (2) of this subsection, no State or political subdivision thereof and no interstate agency or other political agency of two or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier having authority under subchapter IV of this chapter to provide air transportation.

Both those contentions are wholly without merit.

Just a year ago the Supreme Court reconfirmed the fundamental principles governing removal of actions on federal-question jurisdictional grounds (*Merrell Dow Pharmaceuticals Inc. v. Thompson,* —— U.S. ——, 106 S.Ct. 3229, 3232–33, 92 L.Ed.2d 650 (1986) (citations omitted)):

> This much, however, is clear. The "vast majority" of cases that come within this grant of jurisdiction are covered by Justice Holmes' statement that a " 'suit arises under the law that creates the cause of action.' " ... Thus, the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action.
>
> We have, however, also noted that a case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." [4]

It remains hornbook law that "the party who brings a suit is master to decide what law he will rely on" (*Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983), quoting the seminal statement in *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913)) and is free to eschew available federal claims in favor of state-law causes of action. Defendants cannot bootstrap themselves into the federal court system by reshaping plaintiffs' complaints to their own ends, nor may any defendant predicate removal on the basis of a federal *defense* to a state-law claim—including the defense of preemption (*Franchise Tax Board,* 463 U.S. at 14, 103 S.Ct. at 2848).

Wolst has chosen a simple breach-of-contract action. Though Complaint ¶ 1 says American's Passenger's Coupon was "in accordance with its filed tariffs, the Statutes of the United States of America and of the State of Illinois," the suit is based on a simple promise ("no refunds or changes") —something American is free to do in these days of a deregulated airline industry.[5] That is not a federally-based claim at all, and American's labeling it as such does not make it so.

As for American's preemption argument based on 49 U.S.C. § 1305(a)(1), that notion has nothing at all to commend it. First of all, that statutory provision cannot fairly be read as barring state *courts* from entertaining lawsuits against air carriers. Second, if the same statutory provision were read as preempting Wolst's lawsuit wherever he chose to file it, *Franchise Tax Board,* 463 U.S. at 14, 103 S.Ct. at 2848 teaches that "since 1887 it has been settled law" that such a potential defense of pre-

---

In light of the Complaint's allegations referred to later in the text, it can scarcely be said to be "explicitly founded" on federal statutes.

**4.** [Footnote by this Court] Immediately after the quoted language, Justice Stevens noted the last sentence "must be read with caution" (*id.*). Nothing about Wolst's claim, as he presents it, suggests it "necessarily turn[s] on some construction of federal law." Hence his claim either must fall in the "vast majority" identified in *Merrell Dow* or it is not a federal-question case at all.

**5.** American's ticket form, attached as an exhibit to the Complaint, specifically confirms that domestic air transportation "is subject to the individual terms of the transporting air carriers, which are hereby incorporated by reference and made a part of the contract of carriage." Indeed, those individual terms specifically "supersede any inconsistent terms of the Conditions of Contract on the Passenger's Coupon." What Wolst sues on (the "no refunds or changes" provision) is what he labels as just such an individual additional term *hand-printed* on the Passenger's Coupon by American's employees (Complaint ¶ 3).

emption is not a predicate for removal (after all, a state court could decide that issue just as well as a federal court).

Accordingly it must be concluded this action "was removed improvidently and without jurisdiction" (Section 1447(c)). It is therefore remanded to the Municipal Division of the Circuit Court, and American is ordered to pay the "just costs" (if any) incurred by Wolst (*id.*). There is no reason to delay the remand, and the Clerk is ordered to mail the certified copy of the order of remand forthwith (see this District Court's General Rule 30(b)).[6]

## ON MOTION FOR ATTORNEY FEES

■ This Court's June 30 memorandum opinion and order (the "Opinion") remanded this action to the Circuit Court of Cook County under 28 U.S.C. § 1447(c) ("Section 1447(c)") as having been "removed improvidently and without jurisdiction." On July 24 counsel for plaintiff Raymond Wolst ("Wolst") filed a petition for an award of attorneys' fees under Section 1447(c) or, alternatively, Fed.R.Civ.P. ("Rule") 11. On August 3 counsel for American Airlines, Inc. ("American") filed a response.

Even apart from the general desirability of keeping abreast of all current filings, there are two important reasons for this Court's effort to give prompt attention to newly-filed removal petitions:

1. Our Court of Appeals regularly (and properly) reminds district judges of the need to consider and address subject matter jurisdiction as a threshold matter

(see, e.g., *Kanzelberger v. Kanzelberger,* 782 F.2d 774, 776–77 (7th Cir.1986) (in the removal context); *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986) (generally)).

2. Quick treatment of subject matter jurisdictional flaws minimizes the need for opposing counsel to spend their time (and hence their clients' money) on cases that cannot survive in federal court.

Both goals should have been served here, for the sua sponte Opinion was issued only four days after the case was removed to this District Court. Nonetheless Wolst's lawyer claims to have spent five hours in that time span in reading the Petition, doing research and outlining a draft motion to strike the Petition and remand the case,[1] then another hour reviewing the Opinion and reading the cases it cited. Counsel thus asks for $900 in fees on the basis of a $150 hourly rate.

Section 1447(c) authorizes the assessment against the removing party of the other side's "costs"—and under federal law that is a term of art, so that absent a statutory provision (such as 42 U.S.C. § 1988) the American Rule does not embrace attorneys' fees within the concept of "costs" (*Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). Wolst therefore must look either to the subjective bad-faith exception to the American Rule (*id.* at 258–59, 95 S.Ct. at 1622) or to the objective standard now embodied in Rule 11 (see, e.g., *In re TCI Ltd.,* 769 F.2d 441, 445–46

---

6. After this opinion had been dictated and transcribed but just before the edited version had come out of the word processor, this Court received its copy of American's newly-filed (June 29) motion to dismiss. Because that motion called into play documents external to the Complaint, it would have required handling as a summary judgment motion under Fed.R.Civ.P. ("Rule") 56—see the last sentence of Rule 12(b). Because the removal of this case to this District Court was without jurisdiction in the first place, the proper procedure (and the one this Court follows here) is to send the case back subject to the pending motion, which should be dealt with by the state court.

1. Usually courts evaluating lawyers' claims for fee awards have no basis other than the judge's

general experience in gauging the reasonableness of time spent. In this instance, though, this Court's own reading, research (done without a law clerk's assistance) and dictation of the Opinion took only a small fraction of counsel's five-hour claim. Indeed, though this Court is no longer required to keep time records as it did in the practice of law, there is no question the aggregate time spent was something less than half that claimed by counsel—more in the range of 2 to 2½ hours. True enough, this Court has substantial background familiarity with the field of removal law, as Wolst's counsel may not. But that means that even if the entire time claimed were found chargeable (as it cannot be), no one could reasonably charge $150 an hour for the self-education involved.

(7th Cir.1985)) if fees are to be recoverable at all.

There is nothing to support any subjective bad faith characterization of the Petition. As for Rule 11 liability, however, counsel for American now refer to their having previously obtained a successful removal in *Stone v. American Airlines, Inc.,* 86 C 5783. At best that argument would be a bit odd, because if *Stone* were really parallel to this case American's counsel would have to be "reasoning" this way:

1. Another District Judge (this Court's colleague Honorable Frank McGarr) did not pick up in *Stone* the jurisdictional flaw this Court identified in this case.

2. American's counsel could therefore reasonably rely on that fact in removing this case.[2]

But American's contention based on *Stone* is really disingenuous.[3] In that case there *was* no jurisdictional flaw to be picked up—the plaintiff herself specifically invoked federal statutes (26 U.S.C. §§ 4261(a) and (b) and 4262) as the predicate for her claim, bringing directly into play this District Court's federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1340. That is what Judge McGarr properly held, No. 86–5783, slip op. at 2–3 (Feb. 18, 1987). Nothing in that case even arguably supports the removal of this action, where Wolst sued on a straight breach-of-contract theory and *not* on a federally-based claim (Opinion at 1119).

Accordingly this Court finds American had no colorable basis whatever for bringing this case here from the state court. Hence the objective standard of Rule 11 would indeed appear to establish a proper predicate for the imposition of a fees sanction on American or its lawyers. That sanction would, however, be limited to $450 (assuming the propriety of a $150 hourly rate). Moreover, no one's interest would appear to be served by the potential expansion of the dispute by the need to impose fees on fees (the inevitable result of further litigation or an evidentiary hearing, or both, on the subject of fees). Accordingly American shall have until August 21, 1987 to file any objections to the imposition of a $450 fee award against it. If no such objections are filed, it is ordered to pay that amount to Wolst on or before August 24, 1987.

---

2. This Court must of course recognize the possibility that its view of the jurisdictional question might be found unpersuasive if it were reviewable. It has been said of even the Supreme Court that it is not final because it is infallible—it is infallible because it is final.

3. This Court has now had to go to the added trouble of getting the *Stone* file from the Clerk's Office and reviewing the pleadings in that case.