Clarence L. BROWN, Plaintiff,

v.

UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 892, and Ford Motor Company, Defendants.

Civ. A. No. 87–1975.

United States District Court,
E.D. Michigan, S.D.

Sept. 28, 1987.

Robert E. Edick, Dearborn, Mich., for plaintiff.

Arnold G. Shulman, Ford Motor Co., Dearborn, Mich., Connye Y. Harper, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

SUHRHEINRICH, District Judge.

This matter is before the Court on plaintiff Clarence L. Brown's motion to remand and defendant United Automobile, Aerospace and Agricultural Implement Workers of America, Local 892's (UAW) motion for summary judgment. The UAW and defendant Ford Motor Company (Ford) have filed separate responses to the motion to remand. Plaintiff has filed a reply. Plaintiff has responded to the motion for summary judgment. In accordance with Local Rule 17(*l*)(2), the Court shall decide these motions without hearing.

This action was originally filed in Washtenaw County Circuit Court on March 27, 1987. Defendant UAW Local 892 removed the action to this Court on May 26, 1987. On June 4, 1987, plaintiff filed this motion to remand to state court, alleging that removal was improper.

Defendants removed this case to federal court on the basis that § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, completely preempts the plaintiff's claims. Plaintiff asserts that removal was improper because his complaint has "expressly and exclusively pled causes of action under state statutes." Plaintiff asserts that the defense of preemption is not sufficient to create a federal question for removal purposes. Therefore, plaintiff contends that this case should be remanded to state court for lack of federal jurisdiction.

Plaintiff's complaint alleges that he was discriminated against by his union and employer due to his race or age in contradiction of Michigan's Elliott–Larsen Act, M.C.L.A. § 37.2204(d) and M.C.L.A. § 37.-2202(1)(a). Plaintiff further alleges that he was discriminated against due to his membership in the Michigan National Guard, in contradiction to M.C.L.A. §§ 32.-271 and 32.272. It is not disputed that the plaintiff was a member of the UAW whose employment was covered by the terms of the collective bargaining agreement (CBA) between Ford and the UAW.

The alleged discrimination occurred on March 21, 1985 when plaintiff's employment at Ford Motor Company's Saline Plant was terminated. According to Ford, termination was based on plaintiff's admitted attempt to steal a welding hose from the plant. Plaintiff filed a grievance against Ford concerning his termination. The UAW prosecuted this grievance through the third stage. At that point, a representative of the international union withdrew the grievance before it could be appealed to an umpire at the fourth stage. On November 14, 1985, the plaintiff was informed that the grievance would not be submitted to an arbitrator. He was also advised of his right to appeal the decision not to arbitrate pursuant to Article 33 of the UAW constitution.

Under Article 33, plaintiff was required to file an appeal from the disposition of his grievance within thirty days of the date he knew of the disposition. This constitution further required plaintiff's signature on the letter seeking appeal. Plaintiff's attorney did submit a letter on January 2, 1986. However, plaintiff did not sign this letter. He was therefore informed by the UAW that his signature was required. Plaintiff did not submit such an appeal letter signed by himself until May 7, 1986. At that point, the UAW refused to waive its time limits so that the withdrawal of the grievance could be appealed. Subsequently, plaintiff filed his complaint in state court.

■ As the Supreme Court stated in *Caterpillar, Inc. v. Williams*, 482 U.S. ——, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rules,' which provides that federal jurisdiction exists only when a federal question is presented on the fact of the plaintiff's properly pleaded complaint." At ——, 107 S.Ct. at 2426, 96 L.Ed.2d at 327. Under normal circumstances, a case may not be removed to federal court on the basis of a federal defense such as preemption. *Id.* Thus, the plaintiff is generally

the master of his claim and can decide on which law he will rely. *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913); *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, —— and n. 6, 106 S.Ct. 3229, 3232 and n. 6, 92 L.Ed.2d 650, 658 and n. 6 (1986).

■ However, when a plaintiff has pleaded an adequate claim for relief under state law and seeks a remedy only under state law, his claim may still be removable to federal court. If a federal cause of action completely preempts a state cause of action, any complaint coming within the scope of the federal cause of action necessarily arises under federal law and may be removed to federal court. *Franchise Tax Board v. Laborers Vacation Trust*, 463 U.S. 1, 23–24, 103 S.Ct. 2841, 2853–2854, 77 L.Ed.2d 420 (1983). Thus, the Court must concern itself with whether a federal cause of action, namely § 301, has preempted plaintiff's state causes of action.

■ On the surface, it appears that plaintiff's causes of action under state law for violation of Michigan's Elliott–Larsen Act and for discrimination based on military membership present claims which are not preempted by § 301. However, a careful review of plaintiff's complaint reveals that he is actually alleging that he was not fairly and adequately represented by his union and that his termination was not in accordance with the CBA.[1] Further, plaintiff seeks reinstatement with back pay and benefits. On the basis of the plaintiff's allegations, the Court concludes that plaintiff's state law claims are inextricably intertwined with the terms of the labor contract. Termination and grievance procedures are established in the CBA, and any discussion of those procedures necessarily involves construction of the CBA. Thus, those claims are preempted by § 301. *Electrical Workers v. Hechler*, 481 U.S. ——, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987). As stated in *Franchise Tax Board:*

---

**1.** Although the plaintiff refers to "a long-standing custom of punishing theft by less than discharge," discipline and discharge are controlled

by the CBA. Thus, the "custom" referred to is actually the CBA.

[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action "for violation of contracts between an employer and a labor organization." Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301. 463 U.S. at 23, 103 S.Ct. at 2853.

Unless § 301 governs all claims which are inextricably intertwined with the CBA, the federal objective of a unified body of labor law would be subverted. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985); *Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). Therefore, the Court concludes that preemption is appropriate in this case where plaintiff's claims can be resolved only by reference to the CBA. The Court accordingly finds that this case was properly removed to federal court.

■ Since plaintiff's claims require interpretation of the CBA, the Court shall characterize plaintiff's claims as a hybrid duty of fair representation/breach of contract claim under § 301. *See Allis–Chalmers,* 471 U.S. at 220–21, 105 S.Ct. at 1915–16 (when resolution of state law claim is dependent on analysis of CBA, claim must be treated as a § 301 claim or dismissed as preempted by federal labor law). On review of the facts, it is apparent that plaintiff's lawsuit is improperly before this Court.

Defendant Ford has asserted that plaintiff did not exhaust his union remedies prior to bringing this lawsuit. If such is the case, the Court would clearly have to dismiss plaintiff's case. *Clayton v. International Union, UAW,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981); *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). On review of the facts, it is apparent that plaintiff did not follow the grievance procedures outlined in the UAW constitution. Thus,

the Court concludes that he did not exhaust his union remedies and his complaint must be dismissed.

■ Further, even had plaintiff exhausted his remedies, his lawsuit would be barred by the statute of limitations. In *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court borrowed the six-month statute of limitations in § 10(b) of the National Labor Relations Act as the most appropriate statute of limitations for a hybrid § 301 claim. The six-month statute of limitations has been adopted by the Sixth Circuit. *Badon v. General Motors Corp.,* 679 F.2d 93 (6th Cir.1982); *Maynard v. Revere Copper Products, Inc.,* 773 F.2d 733 (6th Cir.1985). Since plaintiff did not take a proper appeal of the UAW decision not to process the grievance past the third stage, the six-month period began to run on November 14, 1985 when he was informed of the union's decision to pursue the grievance no further.[2] Therefore, his lawsuit which was filed on March 27, 1987 is untimely and must be dismissed. Both defendants are therefore entitled to summary judgment as a matter of law.

Accordingly,

IT IS HEREBY ORDERED that plaintiff Clarence L. Brown's motion to remand is DENIED.

IT IS FURTHER ORDERED that defendant UAW's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that summary judgment for defendant Ford is GRANTED sua sponte.

---

**2.** The Court finds persuasive defendant UAW's argument that due to plaintiff's lack of compliance with union appeal procedures, the statute of limitations was not tolled after he received notice of the disposition of his grievance. *Cf. Dunleavy v. Steelworkers Local 1617,* 814 F.2d 1087 (6th Cir.1987).