Terrence GATLIN, Plaintiff,

v.

JEWEL FOOD STORES, A DIVISION
OF JEWEL COMPANIES,
INC., Defendant.

No. 87 C 10692.

United States District Court,
N.D. Illinois, E.D.

Dec. 23, 1987.

Clara L. Larry, Chicago, Ill., for plaintiff.

Terrill E. Pierce, Kovar Nelson Brittain
& Sledz, Chicago, Ill., for defendant.

## MEMORANDUM OPINION
## AND ORDER

SHADUR, District Judge.

On December 18, 1987 Jewel Food Stores
Division of Jewel Companies, Inc. ("Jewel")
filed its Petition pursuant to 28 U.S.C.
§ 1441,[1] removing this action by ex-Jewel
employee Terrence Gatlin ("Gatlin") from
the Circuit Court of Cook County. Be-
cause Gatlin's Complaint demonstrates on
its face "that the case was removed im-
providently and without jurisdiction" (Sec-
tion 1447(c)), this Court sua sponte orders
the case remanded to the state court from
which it came.[2]

■ With the limited exception provided
by the "artful pleader" doctrine, it is black-
letter law that a plaintiff is the master of
his, her or its own destiny in terms of
federal jurisdiction. As *The Fair v. Koh-
ler Die & Specialty Co.*, 228 U.S. 22, 25, 33
S.Ct. 410, 411, 57 L.Ed. 716 (1913) put it:

> Of course, the party who brings a suit is
> master to decide what law he will rely
> upon, and therefore does determine
> whether he will bring a "suit arising
> under" [any] law of the United States by
> his declaration or bill.[3]

If a plaintiff is content to rely on state
claims (even though one or more of them
may parallel claims that *could* have in-
voked federal rights), no defendant can
force the action into the federal system by
reshaping plaintiff's causes of action to
implicate federal questions.

Here Gatlin asserts more than one theo-
ry under which his allegedly racially-dis-
criminatory firing by Jewel was actionably
wrong:

> 1. It "constituted a deprivation of his
> rights, privileges and immunities secured

---

1. All further references to Title 28's provisions
will simply take the form "Section—." Al-
though the same form is later also used for one
section (Section 1983) in Title 42, the substantial
difference in the numbers involved avoids possi-
ble confusion.

2. See *Wisconsin Knife Works v. National Metal
Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

> The first thing a federal judge should do when
> a complaint is filed is check to see that federal
> jurisdiction is properly alleged.

3. [Footnote by this Court] In the era when *The
Fair* was decided, what is now called a com-
plaint was termed a declaration (in an action at
law) or bill (in an action in equity).

by the Constitution and the laws of the State of Illinois" (Complaint ¶ 6).

2. It was "in direct violation of the Civil Rights Act of 1971 [sic—should be 1871], USCS 1983 [obviously a reference to 42 U.S.C. § 1983, 'Section 1983']" (Complaint ¶ 6).

3. It "constitutes a violation of the laws of the State of Illinois against discrimination, including, but not limited to, the Illinois Revised Statutes, chapter 68, Section 1–101 et. seq." (Complaint ¶ 7). Complaint Count II adds a defamation charge to the wrongful discharge claims.

■ All Gatlin's theories except the second one as to his firing are clearly state-law claims over which this Court has no "original jurisdiction" (Section 1441(b)).[4] That leaves only the purported reliance on Section 1983 by Gatlin and his counsel. But that must be viewed as a total nullity. Section 1983 applies only to *state* actors, and except under extraordinary circumstances (see *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 435–36 (7th Cir. 1986)) that description does not fit Jewel. This Court lacks jurisdiction over the clearly nonexistent Section 1983 claim, and it is neither for this Court nor for Jewel to seek to manufacture federal jurisdiction by calling into play potential claims Gatlin has not chosen to assert.[5]

In the language of Section 1447(c), it is unquestionable that this action "was removed improvidently and without jurisdiction." It is ordered remanded to the Circuit Court of Cook County, and the certified copy of the remand order shall be mailed forthwith.[6]

---

4. Neither the Complaint nor Jewel's removal Petition reflects diversity of citizenship. Nor could they: Complaint ¶ 1 alleges Gatlin's Illinois residence (and presumptively his citizenship here) as well as Jewel's Illinois incorporation.

5. Gatlin might, for example, have pursued his administrative and then his legal remedies under Title VII. Or Gatlin might have sued under 42 U.S.C. § 1981. But he did neither, and he

has the right to stand on what he *has* done, not on what he has not. To imply a claim he has not asserted in place of the claims he has advanced would subvert the teaching of *The Fair* and undercut the principle of strict construction of the removal statutes.

6. No reason appears for the 14–day delay in remand authorized under this District Court's General Rule 30(b).