52 F.3d 333
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karen GINSBERG, Plaintiff-Appellant,
v.
PARAMOUNT COMMUNICATIONS CORPORATION; Paramount Pictures;
Pet II Productions, Inc.; Ralph Singleton,
Defendants-Appellees.
 No. 93-56383.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1995.*
Decided April 7, 1995.
 
 Before: BROWNING, BOOCHEVER, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Karen Ginsberg filed an action against the defendants in California state court, alleging general negligence, intentional tort, intentional infliction of emotional distress, assault, and battery. The defendants removed the action to federal court on the grounds that Ginsberg's claims were governed by Section 301 of the Labor Management Relations Act and by Title VII. Ginsberg did not object to the removal, and the district court assumed jurisdiction over the case. During the course of discovery, Ginsberg violated a local rule requiring an early meeting of counsel. The court's subsequent dismissal of her action for violation of the local rule resulted in this appeal. We do not reach the merits of the appeal because we find, sua sponte, that the district court lacked subject matter jurisdiction over the action.
 
 DISCUSSION
 
 3
 The defendants argue that the district court had jurisdiction over Ginsberg's action because her claims arose under Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 ("Section 301").
 
 
 4
 Section 301, however, does not preempt the application of state laws when the state law claim does not require the interpretation of a collective bargaining agreement. See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 407-10, 413 (1988); cf. Schlacter-Jones v. General Tel., 936 F.2d 435, 439-40 (9th Cir.1991) (applying Lingle and finding preemption). Ginsberg's claims against her employer for negligence and for various intentional torts do not require the court to construe the collective bargaining agreement that governed her employment.
 
 
 5
 We reject the defendants' argument that Ginsberg's allegation of "wage loss" in her complaint subjects her claim to federal jurisdiction under Section 301. Ginsberg listed wage loss as a form of damages in her complaint. There is no indication anywhere in her complaint that her wage loss allegation refers to a claim that "she was underpaid under the [collective bargaining agreement]," as the defendants argue in their brief. Ginsberg's reference to wage loss occurs only in the context of her damages from the defendants' alleged negligence and intentional torts.
 
 
 6
 The defendants further argue that the district court had jurisdiction over Ginsberg's action because it alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. ("Title VII"). Ginsberg's complaint on its face, however, did not specifically invoke Title VII.
 
 
 7
 "A case 'arises under' federal law ... only if a federal question appears on the face of plaintiff's well-pleaded complaint...." Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir.) (as amended), cert. denied, 484 U.S. 850 (1987). It is well established that the plaintiff is the " 'master' " of his complaint and may " 'decide what law he will rely upon....' " Id. (quoting Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913)). "[I]f he can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal...." Sullivan, 813 F.2d at 1372 (citations omitted).
 
 
 8
 Although Ginsberg's complaint alleged facts that could have formed the basis of a Title VII claim, she chose not to pursue that particular claim in her state court action. To paraphrase Fair, she is the mistress of her complaint and may decide what law she will rely upon. Accordingly, the defendants should not have been permitted to remove Ginsberg's state action to federal court on the basis of a claim she chose not to plead.
 
 
 9
 Therefore, we find that the district court lacked subject matter jurisdiction over the complaint.
 
 CONCLUSION
 
 10
 We VACATE the order of dismissal and REMAND with instructions to the district court to remand the action to state court.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3