**Richard KRUSE, Plaintiff,**

**v.**

**DUPONT MERCK PHARMACEUTICAL CO., Defendant.**

**No. 98 C 338.**

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 23, 1998.

Kenneth A. Wexler of Miller, Faucher, Chertow, Cafferty and Wexler, Chicago, IL, for Plaintiff.

Sarah R. Wolff of Sachnoff & Weaver, Ltd., Chicago, IL, for Defendant.

*MEMORANDUM OPINION
AND ORDER*

SHADUR, Senior District Judge.

This newly removed action, initially brought by Richard Kruse ("Kruse") against DuPont Merck Pharmaceutical Co. ("DuPont Merck") in the Circuit Court of Cook County, has been assigned to this Court's calendar. Based on its review of Kruse's Complaint and DuPont Merck's Notice of Removal ("Notice"),[1] this sua sponte memorandum opinion and order remands the action to its place of origin for lack of subject matter jurisdiction.

Even though Kruse's carefully drawn Complaint is *expressly* limited to a claim advanced under the Illinois Consumer Fraud and Deceptive Business Practice Act (815

---

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986):

   The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

Where as here an action is brought to this District Court via removal rather than as an original filing, the Notice and other attachments may of course be taken into account as well.

ILCS 505/1 to 505/12), DuPont Merck says that it knows better. Notice at 2–3 asserts:

> Additionally, although plaintiff purports to bring his claims under the Illinois Consumer Fraud and Deceptive Business Practice Act, the real nature of his claim is federal. The plaintiff alleges that he was forced to pay a supracompetitive price for Coumadin as a result of alleged anticompetitive exclusionary conduct by DuPont Merck. The plaintiff thus has artfully pleaded around the federal statute under which his claims should properly be brought, the Sherman Act, Section 2. 15 U.S.C. § 2. Indeed, plaintiff's counsel alleged the same misconduct on behalf of the same class of consumers as a federal Sherman Act case in the two Delaware District Court actions. Under the artful pleading doctrine, a federal court has jurisdiction over a complaint alleging state law claims when, as here, the real nature of the claim is federal.

But it is instead DuPont Merck's counsel that is attempting artful pleading—and it simply won't work. This case fits well within the still-seminal teaching of *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913)—"the party who brings a suit is master to decide what law he will rely upon." To draw upon one of the many anecdotes ascribed to Abraham Lincoln, DuPont Merck's calling Kruse's lawsuit an antitrust action just because the challenged conduct might also violate the Sherman Act "don't *make* it so." [2]

■ So DuPont Merck's invocation of federal question jurisdiction fails. And although Notice at 1 also asserts the existence of diversity jurisdiction, DuPont Merck has fallen short on that score as well. Complaint ¶ 4 identifies Kruse as an Illinois resident, and Notice at 1 expands that to assert his Illinois citizenship—so far, so good. But all that Notice at 1 says about DuPont Merck itself is that "it is a Delaware citizen." In that respect, though, Complaint ¶ 5 alleges:

> DuPont Merck is a 50/50 joint venture between E.I. DuPont de Nemours & Co. and Merck & Co., Inc. with its principal place of business in Wilmington, Delaware.

That being the case (and the Notice nowhere contradicts that allegation), to establish federal diversity jurisdiction the party who seeks to invoke such jurisdiction must provide an express identification of the citizenship (in this case, the dual citizenship—see 28 U.S.C. § 1332(c)(1) [3]) of *each* of the co-venturers (*Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)). Indeed, where a joint venture, partnership or other unincorporated association is involved, its principal place of business (as contrasted with the principal places of business of its corporate constituents) is wholly irrelevant for Section 1332 purposes.

Because it *is* the burden of the party that proposes to enter the door of the federal courthouse to establish federal jurisdiction by such a specific showing, and because DuPont Merck has not done so, the absence of that showing is a fatal jurisdictional flaw.[4] Under the circumstances, then, it is indeed true that (as stated in Section 1447(c)) "it appears that the district court lacks subject matter jurisdiction...." And that statute goes on to mandate remand under such circumstances. It is hereby ordered that this action be remanded to the Circuit Court of Cook County and, as is permitted by this District Court's General Rule 30(B), the certified copy of the remand order shall be mailed forthwith.

---

2. "If you call a tail a leg, how many legs has a dog? Five? No, calling a tail a leg don't *make* it a leg."

3. All further references to Title 28's provisions will simply take the form "Section—."

4. It is noted that DuPont Merck's counsel chose to wait until the very last day of the 30–day period permitted by Section 1446(b) to attempt removal, and thus to run the risk of a jurisdictionally defective removal—apparently a type of strategic judgment, and one that this Court has never understood.