**ROSCOR CORPORATION, Plaintiff,**

**v.**

**ITELCO USA, INC., Defendant.**

No. 02 C 4994.

United States District Court,
N.D. Illinois,
Eastern Division.

July 17, 2002.

Michael David Richman, Sachnoff & Weaver, Ltd., Chicago, IL, for Plaintiff.

Gordon B. Nash, Jr., Priya Jenveja, Gardner, Carton & Douglas, Chicago, IL, for Defendants.

## MEMORANDUM ORDER

SHADUR, Senior District Judge.

Itelco USA, Inc. ("Itelco") has filed a timely Notice of Removal ("Notice") from the Circuit Court of Cook County to this District Court of this action brought against Itelco by Roscor Corporation ("Roscor"). Itelco's predicate for such removal is the action's asserted satisfaction of the diversity of citizenship requirements set out in 28 U.S.C. § 1332.[1] But the flawed nature of Itelco's removal effort necessitates a sua sponte remand of this action to its state court of origin.

There is no problem with the citizenship prong of the diversity inquiry: Notice ¶¶ 2 and 3 identify both facets of each corporation's citizenship as defined by Section 1332(c)(1). But where the Notice falls short is in its presentation as to the asserted over-$75,000 amount in controversy that is the other precondition to Section 1332 jurisdiction.

To be sure, each of the two counts in Roscor's Complaint—Count I sounding in breach of contract and Count II sounding in fraud in the inducement—does claim compensatory damages in the sum of $50,000. It is of course equally true that a plaintiff's damages asserted in different claims can be aggregated in calculating the

---

1. All further references to Title 28's provisions will simply take the form "Section—."

jurisdictional amount (see, e.g., *Herremans v. Carrera Designs, Inc.,* 157 F.3d 1118, 1121 (7th Cir.1998), cited by Itelco's counsel for that proposition). But the problem here is that Roscor's demands for judgment make it quite plain that those two counts simply represent alternative grounds for recovery of the *same* compensatory damages, rather than separate claims that would potentially double Roscor's recovery.[2] Hence the compensatory damages prayed for by Roscor are merely "in excess of $50,000," which of course may or may not be above the over-$75,000 jurisdictional floor for federal jurisdiction.

It is true (though Itelco does not mention it) that Count II also seeks punitive damages in an unspecified amount. But once again the attainment of the magic over-$75,000 figure by adding the Count II request for punitive damages to the same count's compensatory ad damnum is uncertain: It has been true at least since *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913) that each plaintiff is the master of its complaint, able to limit the amount of its claim if it wishes to preserve its chosen venue in a state court rather than a federal court.

This District Court has devised a rule that is expressly tailored to eliminate uncertainties of this nature in situations where a state court complaint may contain an imprecise ad damnum, limited for example to specifying an amount that does no more than define where the case falls in terms of the watershed that separates the Circuit Court's Municipal Division from its Law Division. LR 81.2(a) provides a specific means for determining from the plaintiff in such situations whether the amount in controversy does or does not meet the federal standard.

Accordingly this action is sua sponte remanded to the Circuit Court of Cook County pursuant to Section 1447(c), because it has not in fact been established (as is required of the removing party) that federal subject matter jurisdiction exists. As LR 81.2(a) reflects, if Itelco's further efforts to obtain an admission or deemed admission succeed in confirming the existence of the federal jurisdictional amount, Itelco's receipt of the document that fills that gap will constitute the receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of Section 1446(b), so that Itelco's later effort at removal can be timely.[3] And finally, to facilitate further proceedings (whether of that nature or any other), this Court orders—as is permitted by LR 81.2(b)—that the certified copy of the remand order be mailed forthwith.

---

2. That is made obvious by the identical components of Roscor's claimed compensatory damages that it sets out in its separate prayer for relief following each count.

3. Because of the circumstances of the current remand, Roscor could not in that event assert the untimeliness of any such later removal on the ground that the 30–day clock began to tick when Itelco was first served on June 14, 2002.