**Dismissed and Substitute Majority and Dissenting Opinions filed May 6, 2014.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

---

## NO. 14-13-00616-CV

---

### FREDERIC JARDIN, Appellant

### V.

### SOREN MARKLUND, DOUGLAS WENE AND CHEM32, LLC, Appellees

---

**On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2013-14485**

---

## S U B S T I T U T E   D I S S E N T I N G   O P I N I O N [1]

Our threshold task is to determine if we have jurisdiction. The proper inquiry is whether this is an appeal from the denial of a motion to dismiss filed under section 27.003 of the Texas Civil Practice and Remedies Code. Appellant Frederic Jardin, the master of his motion,[2] clearly and unequivocally stated in form

---

[1] The dissenting opinion issued in this case on April 10, 2014, is withdrawn, and this substitute dissenting opinion is issued in its place.

[2] *See The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("The party who brings a suit is master to decide what law he will rely upon."), *overruled on other grounds by Franchise*

and substance that the relief he requested was dismissal under this statute.[3]  Even if, as the majority concludes, the Texas Citizens' Participation Act[4] does not apply to the claims in this case, this court still would have jurisdiction over this appeal, and the proper course would be to affirm the trial court's order rather than to dismiss for lack of appellate jurisdiction.

The trial court signed an interlocutory order on June 19, 2013, in which it denied Jardin's motion to dismiss under section 27.003 of the Texas Civil Practice and Remedies Code.[5]  Section 51.014(a)(12),[6] which had taken effect just five days before the trial court rendered this order,[7] applies to any interlocutory appeal from

---

*Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

[3] The majority stands Lincoln's famous leg-and-tail parable on its head in suggesting that the master of the motion is not at liberty to say what relief he seeks. *See ante* at pp. 15–16, n.10. It is the majority that is calling the "tail" a "leg" by recasting the nature of the relief sought and denied. Jardin created the motion and the form and substance of what he created is a motion to dismiss under section 27.003 of the Texas Civil Practice and Remedies Code.

[4] The Texas Citizens' Participation Act, also known as the Texas Anti-SLAPP statute, is chapter 27 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 27.001–27.011 (West 2014).

[5] Unless otherwise stated, all statutory references in this opinion are to the Texas Civil Practice and Remedies Code.

[6] Under current Texas law, section 51.014 has two subsections denominated "(a)(12)." *See* Tex. Civ. Prac. & Rem. Code § 51.014 (West 2014). The majority and dissenting opinions address the subsection (a)(12) dealing with interlocutory orders in which the trial court denies a motion to dismiss filed under section 27.003, rather than the subsection (a)(12) dealing with interlocutory orders in which the trial court denies a motion for summary judgment filed by an electric utility regarding liability in a suit subject to section 75.0022. *See id.*

[7] Because the statute by which the Texas Legislature enacted this provision received a vote of two-thirds of all the members elected to each house, this statute took effect immediately upon approval by the Governor, which occurred on June 14, 2013.  *See* Tex. Civ. Prac. & Rem. Code § 51.014; Act of May 24, 2013, 83rd Leg., R.S., H.B. 2935, § 6.

this order.[8]  Under this statute, the Texas Legislature provides as follows:

> A person may appeal from an interlocutory order of a district court . . .
> that . . . denies a motion to dismiss filed under Section 27.003.[9]

Jardin is a person who has appealed from an interlocutory order of a district court that denied his motion to dismiss filed under section 27.003.  Under the unambiguous language of section 51.014(a)(12), this court has jurisdiction over Jardin's appeal from this interlocutory order.[10]  The basis for appellate jurisdiction under section 51.014(a)(12) is an interlocutory order in which the trial court denies a motion to dismiss filed under section 27.003; the basis for appellate jurisdiction under this statute is not that the claims in question fall within the scope of the Texas Citizens' Participation Act.[11]  Thus, if the appellate court concludes that the claims in question do not fall within the scope of the Texas Citizens' Participation Act and therefore that the trial court properly denied the motion to dismiss under section 27.003, the proper appellate judgment would be to affirm the trial court's order rather than to dismiss the appeal for lack of appellate jurisdiction.[12]

---

[8]  Because section 51.014(a)(12) was in effect when the trial court denied Jardin's motion to dismiss and when Jardin filed his notice of appeal, this statute applies prospectively to this appeal.  Therefore, it is unnecessary to address, as the majority does, whether this statute should be applied retroactively.  *See ante* at pp. 5–6 & n.4.

[9]  Tex. Civ. Prac. & Rem. Code § 51.014(a).

[10]  *See id.*

[11]  *See id.*

[12]  *See id.*; *Tex. Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004) (noting that an appellate court has jurisdiction to review an interlocutory order denying a governmental unit's plea to the jurisdiction if the plea would deprive the trial court of subject-matter jurisdiction, if it were sustained, and that the appellate court has appellate jurisdiction even if it concludes all jurisdictional arguments in the plea lack merit); *Combined Law Enforcement Associations of Texas v. Sheffield*, No. 03-13-00105-CV, 2014 WL 411672, at *12 (Tex. App.—Austin Jan. 31, 2014, no pet. h.) (affirming part of order in which the trial court denied the defendant's motion to dismiss under section 27.003, rather than dismissing in part the appeal, in interlocutory appeal under section 51.014(a)(12)) (mem. op.).

After determining that the claims of appellees Soren Marklund, Douglas Wene, and Chem32, LLC against Jardin do not fall within the scope of the Texas Citizens' Participation Act, the majority concludes that this court therefore lacks jurisdiction over this interlocutory appeal.  But, presuming for the sake of argument that the appellees' claims against Jardin do not fall within the scope of the Texas Citizens' Participation Act, this court still would have jurisdiction over this appeal, and the proper course would be to affirm the trial court's order.[13] Because the majority dismisses for lack of appellate jurisdiction, I respectfully dissent.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise (Jamison, J., majority).

---

[13] *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12); *Simons*, 140 S.W.3d at 349; *Sheffield*, 2014 WL 411672, at *12.