**Ocie J. GRAY, et al., Plaintiffs,**

v.

**H.A.S. d/b/a Budget Auto Sales, et al., Defendants.**

No. Civ.A. 97–C–1034–N.

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 6, 1998.

## I.

Plaintiff, Ocie J. Gray, filed this putative class action against H.A.S., Inc. doing business as Budget Car Sales ("H.A.S./Budget"), and World Omni Financial Corp. in the Circuit Court for Montgomery County, Alabama. Plaintiff contends that a vehicle he purchased from H.A.S./Budget with financing from World Omni was not financed at the best possible rate as defendants represented that it would be. The complaint includes causes of action for breach of contract, fraud by misrepresentation and suppression, outrage, unconscionability, theft by deception, unjust enrichment, and civil conspiracy. Plaintiff avers that there is a potential class of more than 10,000 members with similar claims against the defendants. Plaintiff seeks compensatory damages "not to exceed Seventy–Five Thousand Dollars ($75,000.00), including interest and costs of the court," and injunctive and declaratory relief including the imposition of a constructive trust for any proceeds wrongfully retained by defendants.

Defendant World Omni removed this action to this court pursuant to 28 U.S.C. § 1441 based upon diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1332. World Omni argues that diversity of citizenship exists because the resident defendant, H.A.S./Budget, was fraudulently joined and because the true amount in controversy exceeds the minimum requirement for federal court jurisdiction.[1] Plaintiff timely moved to remand this action to state court.

## II.

■ Defendants, as the parties who removed the action to this court, have the burden of establishing federal jurisdiction. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir.1996). Therefore, since defendants assert this court's jurisdiction based upon diversity of citizenship, defendants must show that there is diversity of citizenship between the named parties and that the amount in controversy exceeds the minimum requirement necessary to support federal court jurisdiction. *See* 28 U.S.C.

Joe R. Whatley, Jr., Peter Harrington Burke, Cooper, Mitch, Crawford, Kuydendall & Whatley, Birmingham, AL, Garve Ivey, Jr., King, Ivey & Warren, Jasper, AL, Barry Alan Ragsdale, King, Ivey & Warren, Birmingham, AL, for Ocie J. Gray.

Paul M. James, Jr., Rushton, Stakely, Johnston & Garrett, Montgomery, AL, for H.A.S. d/b/a Budget Car Sales.

Lee E. Bains, Jr., Jarred O. Taylor, II, Edward A. Hosp, Maynard, Cooper & Gale, P.C., Birmingham, AL, for World Omni Financial Corp.

### MEMORANDUM OPINION ORDER

CARROLL, United States Magistrate Judge.

This matter is before the court for consideration of plaintiff's motion to remand filed July 9, 1997. The parties have filed extensive submissions on the motion and the matter was ready for resolution on May 1, 1998. For the reasons stated below, the court finds that the motion is due to be granted.

---

**1.** Defendant H.A.S./Budget has joined in the removal. *See* Joinder In Notice Of Removal filed July 3, 1997, Document Number 4.

§ 1332. *See also* 28 U.S.C. § 1441(b) (Removal based upon diversity of citizenship jurisdiction is available "only if none of the parties properly joined and served as defendants is a citizen of the State in which such action is brought.")

■ There is no dispute that H.A.S./Budget is a nondiverse party with its citizenship in the state of Alabama, the same state as plaintiff's citizenship. Defendants argue that H.A.S./Budget's citizenship should be disregarded because "only a very minute percentage" of the transactions financed by World Omni involved purchases from H.A.S./Budget, and therefore, few of the putative class members could recover against H.A.S./Budget.[2]

■ There are courts, including one within this district, that have extended the fraudulent joinder doctrine to espouse the theory proffered by defendants. *See Walker v. World Omni Financial Corp.*, Civil Action No. 96–A–1509–N (M.D.Ala. Mar. 28, 1997) (Memorandum Opinion and Order); *Triggs v. John Crump Toyota, Inc.*, No. CV–96–B–1723–J (N.D.Ala. Mar. 18, 1997); *Kizzire v. General Motors Corp.*, No. CV–95–B–1322–J, 1996 WL 539739 (N.D.Ala. Mar.19, 1996); *Chastang v. Metropolitan Life Ins. Co.*, No. CV–95–1040–BH–C (S.D.Ala. Mar. 7, 1996); *Seale v. Nissan Motor Acceptance Corp.*, No. CV–95–1008–BH–M, 1996 WL 539899 (S.D.Ala. Mar.7, 1996); *Arnold v. Ford Motor Co.*, No. CV–PT–0073–N (N.D.Ala. May 1995). These courts have held that when only a small minority of putative class members has any possibility of asserting claims against a nondiverse defendant, that nondiverse defendant is fraudulently joined as to the other members of the diverse members of the putative class, and therefore, the citizenship of that non-diverse defendant is to be

disregarded. Relying on the analysis of the courts in the Northern and Southern Districts of Alabama,[3] this district's current Chief Judge W. Harold Albritton reasoned that such a rule was consistent with the premise underlying the fraudulent joinder rule in general, and necessary in putative class actions because otherwise, "a plaintiff could preclude any class action, including those alleging claims against a national corporate defendant, from being litigated in federal court simply by naming one local defendant with whom one plaintiff had dealt." While this court recognizes that a plaintiff's manipulation of the jurisdictional factors to circumvent federal court jurisdiction is a prevalent concern, it agrees with the court's observation in *Ren–Dan Farms, Inc. v. Monsanto Co.*, 952 F.Supp. 370, 376 (W.D.La. 1997) that interpreting the fraudulent joinder rule to disregard the citizenship of a nondiverse defendant is "an unauthorized and improvident expansion of federal jurisdiction."

■ The doctrine of fraudulent joinder had its inception in the courts. This judicial pronouncement originally was intended to protect non-diverse defendants from any misstatement of fact or misjoinder of parties or causes of action knowingly made by plaintiffs for the purpose of conferring jurisdiction upon or defeating removal to a federal court. *Bentley v. Halliburton Oil Well Cementing Co.*, 174 F.2d 788, 791 (5th Cir.1949). This concern led the courts to grant diverse defendants a "judicial right" to remove actions to federal court if they show either that there is no possibility that plaintiff can establish a cause of action against the resident defendants or that plaintiff fraudulently pled jurisdictional facts in order to bring the action in state court. *Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir.1988); *Coker v. Amoco Oil*

**2.** According to Alan Browdy, World Omni Financial Corp.'s Vice President, Accounting/Corporate Controller, during the relevant time period, July 1, 1992 to June 30, 1997, World Omni had purchased or been assigned approximately 155,789 retail installment contracts and H.A.S./Budget was the original creditor for approximately 263, which is less than one percent of the transactions that may be subject to the proposed class action. *See* World Omni Financial Corp.'s Opposition To Plaintiff's Motion to Remand, Exhibit

A—Affidavit of Alan Browdy filed August 18, 1997.

**3.** *See Kizzire v. General Motors Corp.*, No. CV–95–B–1322–J, 1996 WL 539739 (N.D.Ala. Mar.19, 1996); *Chastang v. Metropolitan Life Ins. Co.*, No. CV–95–1040–BH–C (S.D.Ala. Mar. 7, 1996); *Seale v. Nissan Motor Acceptance Corp.*, No. CV–95–1008–BH–M, 1996 WL 539899 (S.D.Ala. Mar.7, 1996); *Arnold v. Ford Motor Co.*, No. CV–PT–0073–N (N.D.Ala. May 1995).

*Co.,* 709 F.2d 1433, 1440 (11th Cir.1983). However, because a diverse defendant's interest in proceeding under federal jurisdiction does not outweigh a plaintiff's right to select the jurisdiction in which to pursue his claims, *see Caterpillar, Inc. v. Williams,* 482 U.S. 386, 391 & n. 7, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), "if there is even a possibility that a state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that joinder was proper and remand the case to the state court." *Coker,* 709 F.2d at 1440–1441. Additionally, our Court of Appeals recently counseled lower courts to exercise restraint when evaluating the viability of a claim under the fraudulent joinder analysis in deference to the plaintiff's "right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997) (quoting *Parks v. The New York Times Co.,* 308 F.2d 474, 478 (5th Cir.1962)).

■■■ Deference to the plaintiff's selection of forum also precludes a federal court from exercising its jurisdiction based upon removal when a federal claim may be available but the plaintiff chooses not to pursue that claim. *Caterpillar,* 482 U.S. at 398–399, 107 S.Ct. 2425; *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913). A federal court may disregard a plaintiff's election to pursue state claims only and exercise its jurisdiction based upon the presence of a federal question only if vindication of the right asserted under state law and the remedies available are completely preempted by federal law. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). *See, e.g., Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) and *Metropolitan Life,* 481 U.S. at 64–66, 107 S.Ct. 1542, construing the Labor Management Relations Act, 1947, 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132, respectively, as have such pre-emptive powers. *But see Merrell Dow Pharm., Inc. v. Thomp-*

*son,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) declining to find such preemptive powers in the Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 *et seq.* Additionally, as is the case when considering removal based upon diversity of citizenship jurisdiction, the defendant's interests are not compelling when assessing whether to assert federal question jurisdiction. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. at 63, 107 S.Ct. 1542; *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908) (the availability of a defense based on federal law does not confer federal question jurisdiction to support removal).

The consistently emphasized directive to the federal trial courts to exercise restraint when evaluating whether removal is appropriate rests on the foundation of our judicial structure under federalism which established federal courts as courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). This court also finds that such emphasis on restraint in exercising removal jurisdiction makes it inappropriate to construe the fraudulent joinder doctrine in an expansive manner.

■■■ In addition to the general principles of comity and federalism that counsel courts to respect a plaintiff's selection of state court jurisdiction, there are concerns unique to putative class consumer fraud actions which make it improper to disregard the citizenship of the resident defendant when a viable claim exists against that defendant. The claims raised in the complaint *sub judice* are governed by state substantive law. Under the law for the state of Alabama, in order for a plaintiff to succeed in a fraud action he must show that the defendant misrepresented, failed to disclose or suppressed a material fact. *Booker v. United American Ins. Co.,* 700 So.2d 1333, 1338 (Ala.1997). In order for a fraud action to proceed as a class action, it must be shown that similar false or misleading statements were made to all of the putative class members. *Kerr v. Am-*

*South Bancorporation*, 717 So.2d 357, 364 & n. 8 (Ala.1998). This requires the court to examine the substance of the defendants' alleged misrepresentations to the putative class members upon considering whether to certify the class. *Id.* Additionally, the status of the plaintiff, that is whether he is a sophisticated, repeat consumer or a first-time purchaser, also is a relevant consideration in causes of action based on fraud. *See Bramlett v. Adamson Ford, Inc.*, 717 So.2d 781 (Ala.1997); *Rudder v. K–Mart Corp.*, No. Civ.A. 97–0272–BH–S (S.D.Ala. Oct. 15, 1997). Such analysis often concludes that class treatment of fraud actions is inappropriate. *Kerr*, 717 So.2d at 362–63 (*citations therein*) & 366–67. *See also Castano v. American Tobacco Co.*, 84 F.3d 734 (5th Cir.1996) (variations in state law when a consumer fraud class action involves multiple jurisdictions make individual treatment preferable). *Accord Lyons v. The American Tobacco Co.*, Civil Action No. 96–0881–BH–S, 1997 WL 809677 (S.D.Ala. Sept.30, 1997) (it is improper to join claims of class members which are inherently separate and distinct from the putative class representative). Additionally, the concerns expressed by the courts that have deemed it appropriate to disregard the citizenship of a resident defendant in a when only a small percentage of the putative class may recover against that defendant, *see Triggs v. John Crump Toyota, Inc.*, Case No. 96–B–1723–J (N.D.Ala. Mar. 18, 1997), are more appropriately addressed under the class certification analysis.

Thus, absent certification of a class that includes nonresident members, this court believes that it is inappropriate to consider whether a resident defendant is fraudulently joined as to nonresident putative class members. This is particularly advisable in a consumer fraud class action where the variations in state law, the alleged misrepresentations by the retailers and finance company, and the status of the plaintiff are relevant.

█ It has long been the rule that diversity jurisdiction requires all plaintiffs to be diverse from all defendants. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). In a class action, there must be diversity between the named plaintiffs and the named defendants. *Snyder v. Harris*, 394 U.S. 332, 340, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). Since plaintiff Gray can state a viable claim against the named resident defendant H.A.S./Budget the court will not disregard its citizenship. Accordingly, the court finds that diversity of citizenship does not exist between the parties and, therefore, this court does not have subject matter jurisdiction. This action is due to be remanded to state court for further action.

## CONCLUSION

Based upon the foregoing, it is hereby ORDERED that plaintiffs' motion to remand filed July 9, 1997, is GRANTED. The clerk of the court is DIRECTED to take the steps necessary to effectuate the remand of this case to the Circuit Court of Montgomery County, Alabama.